IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2012-0377 |
| | ) | DEPARTMENT B |
| Appellee, | ) | |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| ARMANDO PENA JR., | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20114301001

Honorable Howard Fell, Judge Pro Tempore

AFFIRMED IN PART; VACATED IN PART; REMANDED FOR RESENTENCING

Thomas C. Horne, Arizona Attorney General
 By Joseph T. Maziarz and Nicholas Klingerman                    Tucson
                                                      Attorneys for Appellee

Lori J. Lefferts, Pima County Public Defender
 By Abigail Jensen                                              Tucson
                                                     Attorneys for Appellant

E S P I N O S A, Judge.

¶1        Armando Pena Jr. appeals from his convictions following a jury trial of one count each of kidnapping and aggravated assault with a deadly weapon and three counts of aggravated assault causing temporary and substantial disfigurement.  He asserts there was insufficient evidence supporting two of the three counts of aggravated assault causing disfigurement and that the criminal restitution order (CRO) the trial court entered at sentencing was improper.  For the reasons set forth below, we reduce the conviction for one count from aggravated assault to assault and remand for resentencing on that count.  We also vacate the CRO, and affirm Pena's remaining convictions and sentences.

**Factual and Procedural Background**

¶2        We view the evidence in the light most favorable to sustaining the jury's verdicts.  *See State v. Haight-Gyuro*, 218 Ariz. 356, ¶ 2, 186 P.3d 33, 34 (App. 2008).  On November 12, 2011, Pena repeatedly assaulted the victim, at times with a knife or other sharp object, and at one point dragged her back into her home after she attempted to flee.  She sustained injuries to her leg, hand, and abdomen.  The injury to her leg was a "three to four inch[]" laceration "down into the fatty tissue and into the muscle."  Her hand injury was a three-inch cut covering her "entire left palm," and was "full thickness, which means it went through all the layers of the skin" revealing muscle tissue.  Her abdominal injury was a puncture wound approximately two centimeters long, exposing some "fatty tissue."

¶3        Pena was charged and convicted as described above and the trial court sentenced him to concurrent prison terms, the longest of which was 10.5 years for

2

kidnapping. The court ordered at sentencing that "all fines, fees, and assessments are reduced to a [CRO], with no interest, penalties or collection fees to accrue while the defendant is in the Department of Corrections." This appeal followed.

## Sufficiency of the Evidence

¶4 We review de novo the sufficiency of the evidence to support a conviction. *State v. West*, 226 Ariz. 559, ¶ 15, 250 P.3d 1188, 1191 (2011). We view the facts in the light most favorable to upholding the jury's verdict and resolve all conflicts in the evidence against the defendant. *State v. Girdler*, 138 Ariz. 482, 488, 675 P.2d 1301, 1307 (1983). "To set aside a jury verdict for insufficient evidence it must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316, 746 P.2d 484, 486 (1987). To the extent our decision depends on the interpretation of a statute, our review is de novo. *State v. George*, 206 Ariz. 436, ¶ 6, 79 P.3d 1050, 1054 (App. 2003).

¶5 Relevant here, a person commits aggravated assault if he or she commits assault as defined by A.R.S. § 13-1203 and "causes temporary but substantial disfigurement."[1] A.R.S. § 13-1204(A)(3). Because the state charged each of the three wounds as separate counts of aggravated assault, we do not view the injuries collectively when analyzing whether the state presented sufficient evidence of "temporary but

---

[1]We note the state acknowledges it presented no evidence or argument that the victim suffered "temporary but substantial loss or impairment of any body organ or part or a fracture of any body part," A.R.S. § 13-1204(A)(3). It is a well-established medical fact, however, that the human skin constitutes an organ. *See* 101 Am. Jur. *Trials* § 109 (2006). Because neither side raised this issue below or on appeal, we do not address it.

substantial disfigurement"; rather, we consider whether the state presented sufficient evidence as to each charged injury.

¶6        Pena contends the injuries to the victim's hand and abdomen did not constitute substantial disfigurement and the two separate convictions for those injuries must be vacated.  Specifically, he argues the state presented inadequate evidence from which the jury could conclude those injuries affected the victim's appearance sufficiently to characterize them as substantially disfiguring.  As to the puncture wound to the victim's abdomen, Pena emphasizes that the location of that injury is generally covered by clothing and therefore could not be considered disfiguring under any circumstances.  To address these claims, we must consider what injuries may be properly characterized as causing temporary but substantial disfigurement.

¶7        Neither "disfigurement" nor "substantial disfigurement" are defined in Arizona statute, and Arizona courts have never addressed the meaning of those terms as they are used in § 13-1204(A)(3).  Under such circumstances, we must give statutory language "its ordinary, common meaning." *Funk v. Indus. Comm'n*, 167 Ariz. 466, 469, 808 P.2d 827, 830 (App. 1991).  Accordingly, when our courts have had occasion to clarify and apply either of those terms, they have done so with primary reference to accepted dictionary definitions.

¶8        In *State v. Garcia*, this court addressed the meaning of "serious . . . disfigurement" in relation to the definition of serious physical injury for aggravated assault under § 13-1204(A)(1).  138 Ariz. 211, 214, 673 P.2d 955, 958 (App. 1983).

4

There, we determined that, in order to constitute disfigurement, an injury must "impair the visible appearance of the victim." *Id*., *citing Black's Law Dictionary* (4th ed. 1968). We read these related provisions *in pari materia*, *see State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970), making that definition equally applicable to "disfigurement" as used in § 13-1204(A)(3), the provision we address here.

¶9 In the context of addressing an injury under a workers' compensation statute, we likewise concluded that "disfigurement" involves marring or impairing a person's appearance. *Funk*, 167 Ariz. at 469, 808 P.2d at 830. We also noted that such an injury must exist for some meaningful duration to meet the definition of the term. *See id.* at 468-69, 808 P.2d at 829-30 (suggesting disfigurement involves "'persistent injuries'" impairing appearance), *quoting Webster's Ninth New Collegiate Dictionary* 362 (1985). Although our legislature has specified that visible injuries need only be "temporary" and need be neither permanent nor protracted to qualify as "disfigurement" pursuant to § 13-1204(A)(3), the duration of a temporary injury remains an appropriate factor to consider when evaluating whether a person has been disfigured. For example, superficial injuries such as a minor bruise or bloody lip that return to normal in a few days might briefly mar the appearance of a person's face. Yet such blemishes, if only ephemeral, cannot be reasonably characterized as substantially disfiguring.[2]

---

[2]We do not suggest that either bruises or bloody lips can never be disfiguring. Whether the individual injury in a particular case mars the appearance of a victim for sufficient duration or degree to be considered substantially disfiguring will usually be a jury question.

¶10　　　　Although there are no Arizona cases expressly defining the term "substantial" in the context of aggravated assault under § 13-1204(A)(3), we agree with the Washington Supreme Court that the term as it applies here is most appropriately and commonly understood to mean "'considerable in amount, value, or worth.'" *State v. McKague*, 262 P.3d 1225, 1227 (Wash. 2011) (addressing definition of "substantial bodily harm" as used in assault statute), *quoting Webster's Third New Int'l Dictionary* 2280 (2002).　By including this term, our legislature has required that the state demonstrate "some harm substantially greater than the minimum required for 'disfigurement.'" *People v. McKinnon*, 937 N.E.2d 524, 526 (N.Y. 2010) (analyzing meaning of "to disfigure . . . seriously").　Put another way, some visible disfiguring injuries must be excluded by the word "substantial," otherwise that language would serve no purpose.　*See McKague*, 262 P.3d at 1226-27.

¶11　　　　Moreover, the accompanying language in § 13-1204(A)(3) concerning fractures or impairments of body parts or organs suggests that the legislature intended substantial disfigurement "to describe an injury of comparable importance." *McKinnon*, 937 N.E.2d at 526; *see Estate of Braden ex rel. Gabaldon v. State*, 228 Ariz. 323, ¶ 13, 266 P.3d 349, 352 (2011) (principle of "*noscitur a sociis* . . . dictates that a statutory term is interpreted in context of the accompanying words").　Hence, we conclude that minor bruises, scratches, or lacerations do not amount to "substantial disfigurement" under this provision because they are not comparable to fractures or temporary loss of the use of an organ or body part.　And, in fact, the record here reflects that the state properly did not

6

bring separate charges under § 13-1204(A)(3) for each minor laceration or bruise Pena caused the victim, many of which are apparent from the photographs in evidence.

¶12 We do not purport here to present an exhaustive list of the factors that a jury may reasonably consider when determining whether a victim has been substantially disfigured. As the court in *McKinnon* observed when addressing analogous language in a New York statute, "'no conceivable standard'" can perfectly identify the boundary separating ordinary and substantial disfigurement. 937 N.E.2d at 526, *quoting Fleming v. Graham*, 886 N.E.2d 769, 773 (N.Y. 2008). We can, however, for the reasons stated above, conclude that § 13-1204(A)(3) requires the inquiry to include both consideration of the extent to which the injury is visually apparent and the degree to which that injury must be considered a minor one. Those considerations may depend on numerous factors such as the size of the injury, its location on the body, its level of contrast with the surrounding tissue, and its relative persistence viewed through the lens of common experience.[3]

¶13 We now apply these principles to the specific counts that Pena challenges. As to the victim's hand injury, Pena asserts the victim had no resulting scar and there was "no other evidence" that the injury affected her "visible appearance." His argument, however, is belied by the photographs of her injury, which show a deep and bloody laceration covering the victim's entire palm. The jury could reasonably conclude from

---

[3]We do not propose or imply that a disfiguring injury must persist for any specific or minimum amount of time, only that *some* evidence of duration is necessary to satisfy the statutory requirement that the disfigurement be "substantial."

the location of the injury, its depth, and its size that it would be readily visible to the casual observer during the process of healing. And the responding paramedic's statement that the laceration exposed muscle tissue would entitle a jury to infer that the injury's effect on the appearance of the victim's hand would be more than fleeting and instead would take some meaningful time to heal. *See State v. Aguilar*, 169 Ariz. 180, 182, 818 P.2d 165, 167 (App. 1991) (jury may rely on common sense and experience during deliberations). Thus, the jury readily could conclude the victim had suffered a substantial disfigurement. Despite Pena's suggestion to the contrary, the fact that the laceration left no permanent scar is irrelevant—the statute requires only temporary disfigurement. *See* § 13-1204(A)(3).

¶14        With respect to the victim's abdominal injury, Pena claims it did not constitute substantial disfigurement because "[it] was in an area normally covered by clothing" and thus did not affect her visible appearance. We disagree with this contention. The location of an injury can obviously be a relevant factor in evaluating the degree of disfigurement caused by the injury. For example, an injury to the face will usually be more disfiguring than the same injury to a part of the body typically covered by clothes. But we reject the suggestion that an injury to a location of the body "normally covered by clothing" can never be disfiguring. *Cf. People v. Newton*, 287 N.E.2d 485, 486 (Ill. App. Ct. 1972) (holding jury could find small scar hidden by hair was permanent disfigurement). Indeed, parts of the body usually covered by clothing can

8

be no less important to an individual's appearance in intimate or public contexts when less clothing is worn.[4]

¶15        However, we agree with Pena that the state failed to present sufficient evidence from which a jury could find beyond a reasonable doubt that the abdominal injury here, while disfiguring, was substantially so. Photographs of that injury show a bloody but diminutive teardrop-shaped puncture wound, between one and two centimeters long, to an area above the victim's left hip. Although the paramedic noted the injury was deep enough to expose some tissue beneath the skin, he characterized it as "superficial enough that it wasn't a major concern," and apparently did not consider it sufficiently serious to even bandage at the scene. The photographs of the injury, taken shortly after the incident and before the wound was closed, provide no indication of how the wound eventually appeared after any treatment that might have been necessary. The state presented no other evidence from which the jury could infer the length or brevity of the healing process or how the wound would look during the stages of that process. And, as Pena has observed, that injury did not occur to an especially visible part of the victim's anatomy. Finally, to the extent the victim addressed her wounds, she tended to minimize their impact. Given the dearth of evidence presented, the jury was left to speculate about the degree to which this particular wound would substantially disfigure the victim.

---

[4]For this reason, Pena's reliance on *Garcia* is unavailing. There, we determined that an injury to a victim's hymenal membrane did not constitute a disfiguring injury. *Garcia*, 138 Ariz. at 214, 673 P.2d at 958. In the context of disfigurement, an injury to an internal membrane plainly is not comparable to the external injury the victim sustained here.

Accordingly, there was insufficient evidence to convict Pena of aggravated assault under § 13-1204(A)(3) as charged in count three of the indictment. We therefore reduce that conviction to the lesser-included offense of assault. *See* A.R.S. § 13-1203(A)(1) (person commits assault by "[i]ntentionally, knowingly or recklessly causing any physical injury to another person").

## Criminal Restitution Order

**¶16**        Pena argues, and the state concedes, that the trial court erred in entering a CRO at sentencing pursuant to A.R.S. § 13-805.[5] Although Pena did not raise this claim below, "the imposition of a CRO before the defendant's probation or sentence has expired 'constitutes an illegal sentence, which is necessarily fundamental, reversible error.'" *State v. Lopez*, 231 Ariz. 561, ¶ 2, 298 P.3d 909, 910 (App. 2013), *quoting State v. Lewandowski*, 220 Ariz. 531, ¶ 15, 207 P.3d 784, 789 (App. 2009). This error is not made harmless by a court's delaying the accrual of interest, penalties, or fees. *Id.* ¶ 5.

---

[5]Section 13-805 was amended effective April 2013. *See* 2012 Ariz. Sess. Laws, ch. 269, § 1. We refer to the version of the statute in effect at the time of Pena's offenses and sentencing.

**Disposition**

¶17      We reduce Pena's conviction and sentence for aggravated assault under count three of the indictment to the lesser-included offense of assault and remand the case for resentencing on that count.  We also vacate the CRO.  Pena's convictions and sentences are otherwise affirmed.


/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Presiding Judge


/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

11