IN THE

# ARIZONA COURT OF APPEALS
### DIVISION TWO

---

THE STATE OF ARIZONA,
*Appellee,*

*v.*

TRAVIS HAMILTON NEREIM,
*Appellant.*

No. 2 CA-CR 2012-0501
Filed January 28, 2014

---

Appeal from the Superior Court in Pima County
No. CR20120499001
The Honorable Deborah Bernini, Judge

**AFFIRMED IN PART; VACATED IN PART**

---

COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By David A. Sullivan, Assistant Attorney General, Tucson
*Counsel for Appellee*

Manch Law Firm, PLLC, Tucson
By Eric S. Manch
*Counsel for Appellant*

_____

**OPINION**

Judge Espinosa authored the opinion of the Court, in which Presiding Judge Kelly and Judge Eckerstrom concurred.

_____

E S P I N O S A, Judge:

¶1          After a jury trial, Travis Nereim was convicted of two counts of driving under the influence of an intoxicant (DUI), several counts of aggravated DUI, and one count of child abuse.  The trial court imposed concurrent, mitigated, and maximum prison sentences totaling three years' imprisonment and entered a criminal restitution order (CRO).  On appeal, Nereim argues the court erred by denying his motion for judgment of acquittal and by failing to adequately instruct the jury on the state's burden.  Although we are unpersuaded by Nereim's arguments, we vacate three of his convictions as violative of double jeopardy and vacate the CRO as unauthorized by the applicable statute.  Nereim's remaining convictions and sentences are affirmed.

**Factual and Procedural Background**

¶2          "On appeal, we view the facts in the light most favorable to upholding the verdict and resolve all inferences against the defendant."  *State v. Klokic*, 219 Ariz. 241, n.1, 196 P.3d 844, 845 n.1 (App. 2008).  One evening in January 2012, Nereim was driving west on a Tucson road when he sideswiped a Pima County Sheriff's vehicle that was parked on the shoulder.  A sheriff's deputy who had been standing near the car was knocked to the ground by the impact.  The deputy was able to get in his car and give chase and he eventually caught up to Nereim and pulled him over.  Nereim stumbled when the deputy initially ordered him out of his vehicle, and later fell to one knee as he was turning around for a weapons check.  The deputy then looked in Nereim's vehicle and saw a young

girl who appeared to be "ten or [eleven]" sitting in the passenger seat. The deputy directed her to exit the truck and sit on the tailgate while he proceeded with Nereim's arrest.

¶3        Nereim exhibited watery, bloodshot eyes and a heavy odor of intoxicants, and the investigating deputy administered a horizontal gaze nystagmus test that revealed six out of six ocular signs of intoxication. When the deputy attempted to employ other field tests, Nereim was unable to maintain his balance long enough to safely perform them. Another deputy who had arrived on the scene conducted a blood draw with Nereim's consent, which ultimately revealed a blood alcohol concentration (BAC) of .346. Nereim was arrested and charged with child abuse, criminal damage, and multiple counts of aggravated DUI and aggravated DUI with an elevated BAC.[1]

¶4        A jury convicted Nereim as charged on counts two (child abuse), four (aggravated DUI while a minor is present), five (aggravated DUI with a BAC of .08 or more while a minor is present) and seven (aggravated DUI with a BAC of .20 or more while a minor is present).[2] As to charges one and three, which alleged aggravated DUI with a suspended license and aggravated DUI with a BAC of .20 or more and a suspended license, respectively, the jury convicted Nereim of the lesser included offenses of DUI and DUI with a BAC of .20 or more. *See* A.R.S. §§ 28-1381(A)(1); 28-1382. We have jurisdiction over this appeal pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

---

[1]In Arizona, a DUI charge involving alcohol may be premised on impairment, *see* A.R.S. § 28-1381(A)(1), or blood alcohol concentration (BAC), *see* A.R.S. § 28-1381(A)(2). For the sake of clarity, we refer to the first offense as "DUI" and the second as "DUI with an elevated BAC" or "DUI with a BAC of [relevant statutory minimum] or more."

[2]Counts six and eight were dismissed pursuant to a Rule 20, Ariz. R. Crim. P., motion for reasons that do not affect our analysis of the remaining charges.

## A.   Rule 20 Motion

**¶5**         Nereim first argues the trial court committed reversible error by denying his Rule 20 motion as to the count of child abuse, the count of aggravated DUI with a minor present, and the counts of aggravated DUI with an elevated BAC and a minor present.  He contends the state failed to present sufficient evidence that the minor was under the relevant age limits and that she had been "endangered" as that term is used in the statute defining the crime of child abuse, A.R.S. § 13-3623(B)(2).  In response, the state argues the testimony regarding the child's age and the evidence Nereim was driving while inebriated were sufficient to support his convictions on these counts.

**¶6**         Although we review the trial court's ruling on a Rule 20 motion *de novo*, *State v. West*, 226 Ariz. 559, ¶¶ 14-15, 250 P.3d 1188, 1191 (2011), we will reverse only if we find no substantial evidence to warrant conviction, *State v. Sullivan*, 187 Ariz. 599, 603, 931 P.2d 1109, 1113 (App. 1996).  "Substantial evidence . . . is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'"  *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990), *quoting State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980).  Such evidence may be direct or circumstantial.  *State v. Pena*, 209 Ariz. 503, ¶ 7, 104 P.3d 873, 875 (App. 2005).

### *Evidence of the Minor's Age*

**¶7**         The age of the child in Nereim's truck was a critical component of several charges alleged by the state.  *See* A.R.S. § 13-3623 ("child abuse" includes endangerment of person under eighteen years of age); A.R.S. § 28-1383(A)(3) (classifying the presence of a "person under fifteen years of age" as an aggravator for DUI).  The state acknowledges that its proof on this issue was limited to the testimony of two sheriff's deputies.  Nereim argues that a layperson's observations and opinion regarding a minor's age may not properly be characterized as "substantial" pursuant to Rule 20.

¶8 The state relies on *State v. Olquin*, 216 Ariz. 250, 165 P.3d 228 (App. 2007), a case featuring similar facts.[3] In *Olquin*, the defendant was convicted of aggravated DUI for driving with an elevated BAC while his three children were in the vehicle. *Id.* ¶¶ 3, 6, 8, 165 P.3d at 229-30. As at Nereim's trial, the only evidence of the childrens' ages was testimony from law enforcement officers. *Id.* ¶ 18. Although the specific challenge was to the sufficiency of the state's evidence on the victim's identities, as opposed to their ages, we were nevertheless required to assess the adequacy of the state's evidence on this point. We concluded the officers' testimony was "more than sufficient to permit the jury to find beyond a reasonable doubt that Defendant committed DUI while a person under the age of fifteen was in the vehicle." *Id.* ¶ 28.

¶9 Nereim argues that *Olquin*'s reasoning should not be extended to this case because that decision is distinguishable on its facts. Specifically, he points out that two of the children in *Olquin* were in car seats and one child was an infant. We noted in *Olquin*, however, that the officers' testimony regarding three children—"one an infant . . . the other a toddler between two and four years old" and one who "appeared to be between ages five and nine"— demonstrated that "all [were] under the age of ten." *Id.* ¶¶ 3, 28. We are not persuaded by Nereim's factual distinctions and the narrow interpretation he advances. Instead, we view *Olquin* as instructive on this issue.

¶10 Nereim primarily relies on *State v. May*, where this issue arose in the context of a challenge to the trial court's ruling admitting hearsay testimony about a man arriving at the scene of the

---

[3]The state also cites *State v. Conn*, 137 Ariz. 152, 669 P.2d 585 (App. 1982), which involved a challenge to a victim's testimony that her attacker sounded older than seventeen. *Id.* at 155, 669 P.2d at 588. However, we do not find that decision persuasive in the current context. While we can infer from *Conn* that lay testimony of an individual's age is both relevant and admissible, *see* Ariz. R. Evid. 701, the case does not establish that such testimony alone may be considered "substantial" for purposes of a Rule 20 review.

defendant's DUI stop and identifying a minor in the car as his thirteen-year-old son. 210 Ariz. 452, ¶¶ 1-3, 13, 112 P.3d 39, 40-41, 43 (App. 2005). The state did not produce the boy or the man at trial, relying instead on the arresting officer's testimony of what the man had said. *Id.* ¶ 11. We deemed the admission of the hearsay testimony erroneous. *Id.* ¶ 22.

**¶11** *May*, however, is distinguishable: Not only is the hearsay problem at issue there not present in the case at hand, but the officer in that case testified that the boy in the vehicle "was under eighteen." *Id.* ¶ 12. As noted above, § 28-1383(A)(3) defines aggravated DUI as the commission of DUI with "a person under fifteen years of age" in the vehicle. That the testimony could not sustain defendant's conviction turned not on its source, as Nereim suggests, but on its content. *See id.* ¶ 22 ("Here, the state had to prove that the male passenger in May's car was under the age of fifteen . . . . The only other evidence of that passenger's age was the arresting officer's testimony that the passenger had exhibited certain physical attributes shared by other individuals under the age of eighteen."). The officer's failure to describe the minor's age as falling below the relevant statutory threshold rendered his testimony ineffective and, by implication, insufficient on the issue of the minor's age.

**¶12** Here, in contrast, the arresting deputy described the passenger as "[a] young female" he believed to be "ten or [eleven]." A second deputy, who had driven the minor home and spent "quite a bit of time with her," concurred in that estimation, describing the girl as "[a] short, young Hispanic female about ten years of age, thin." The second deputy testified he had based his opinion on the fact that the girl "was a little bit bigger" than his own eight-year-old daughter.

**¶13** We find the testimony of the deputies constituted substantial evidence for purposes of Rule 20 and was sufficient to support a jury's conclusion that the child was under fifteen and that Nereim was guilty beyond a reasonable doubt of child abuse, aggravated DUI with a minor, aggravated DUI with a BAC of .08 or more while a minor is present, and aggravated DUI with a BAC of

.20 or more while a minor is present. *See Mathers*, 165 Ariz. at 67, 796 P.2d at 869. The evidence came from more than one source and, in the case of the deputy who drove the girl home, was based on relatively significant contact. Moreover, the second deputy's reference to the basis for his opinion established that he had a reasoned and reliable ground for his conclusion. Under these circumstances, the trial court could properly find the officers' testimony as to the minor's age substantial evidence on that element of the offenses.

*Evidence of Reckless Endangerment*

**¶14**		Nereim next contends the state failed to present substantial evidence that the minor was "endangered" as that term is used in the statute defining the crime of child abuse. Pursuant to § 13-3623, a person is guilty of child abuse if, while "having the care or custody of a child or vulnerable adult," he "causes or permits the person or health of the child or vulnerable adult to be injured" or "causes or permits a child or vulnerable adult to be placed in a situation where the person or health of the child or vulnerable adult is endangered." § 13-3623(B)(2). Nereim urges us to read this statute as requiring proof that the victim "was placed in actual substantial risk of imminent death or physical injury," and cites multiple decisions interpreting the term "endangered" in the context of what he terms "traditional" endangerment prosecutions. *See State v. Doss*, 192 Ariz. 408, ¶ 11, 966 P.2d 1012, 1015 (App. 1998) (defendant commits crime of endangerment pursuant to A.R.S. § 13-1201 if he places victim in "actual substantial risk"), *citing State v. Morgan*, 128 Ariz. 362, 367, 625 P.2d 951, 956 (App. 1981) (emphasis in *Doss*). The state responds that Nereim's argument runs counter to case law interpreting the term "endangered" as it is used in § 13-3623.

**¶15**		Statutory terms must be interpreted with reference to the surrounding language. *State v. Pena*, 233 Ariz. 112, ¶ 11, 309 P.3d 936, 940 (App. 2013) ("principle of 'noscitur a sociis . . . dictates that a statutory term is interpreted in context of the accompanying words'"), *quoting Estate of Braden ex rel. Gabaldon v. State*, 228 Ariz. 323, ¶ 13, 266 P.3d 349, 352 (2011); *State v. Gray*, 227 Ariz. 424, ¶ 9,

258 P.3d 242, 245 (App. 2011) ("[B]ecause 'context gives meaning,' statutory terms should not be considered in isolation."), *quoting United States v. Santos*, 553 U.S. 507, 512 (2008).

**¶16**        This court has already examined the meaning of "endangered" in the context of § 13-3623(B).  As the state points out, in *State v. Mahaney*, we interpreted "endanger" to mean "subject to potential harm," and contrasted its meaning in § 13-3623(B) with its use in § 13-1201. [4]  193 Ariz. 566, ¶¶ 16-18, 975 P.2d 156, 159 (App. 1999).  In doing so, we expressly rejected an argument—similar to the one advanced by Nereim here—that endangerment under § 13-3623 "does not encompass 'potential harm,' but rather refers only to 'actual danger.'"  *Id.* ¶¶ 11, 18.  Nereim attempts to distinguish *Mahaney* on grounds that the defendant there "argued only that her act did not actually result in harm," and contrasts that argument with his claim that proof of driving while impaired with a passenger does not, in itself, constitute substantial evidence that the passenger was endangered.  But we cannot discern what type of evidence would constitute substantial evidence under Nereim's theory *besides* proof of actual harm; we thus find this distinction illusory.

**¶17**        Nereim also suggests that because some evidence at trial showed the passenger "was unharmed and unrattled," the state failed to meet its burden.  We reject this argument, however, for several reasons.  First, in this context, whether or not a child is frightened is of no consequence; the statute omits any mention of the victim's state of mind, and we are unaware of any such requirement.[5]  *See* § 13-3623.  It also would conflict with the purpose

---

[4]The subsections referred to in *Mahaney* as (B) and (C) of § 13-3623 became current subsections (A) and (B) following a 2000 amendment to the statute.  *See* 2000 Ariz. Sess. Laws, ch. 50, § 4.

[5]Such a heightened standard of proof is likewise inconsistent with the case law involving traditional endangerment prosecutions that Nereim has urged us to apply; as he acknowledges in his opening brief, the state is not required to prove the victim was

of § 13-3623, which is intended to protect individuals who might be "unable to protect [themselves] from abuse, neglect or exploitation by others." § 13-3623(F)(6) (encompassing within the protection of child abuse statute "vulnerable adults" as so defined). It is certainly conceivable that some individuals entitled to protection under § 13-3623 would be unable to recognize when a defendant's conduct poses a threat to their safety. Indeed, this characteristic is likely shared by the most vulnerable individuals covered by the statute. But under Nereim's proposed theory, a defendant would evade culpability if his victim did not identify the threat posed by his conduct. Accordingly, we will not read into the statute an interpretation of the term "endangered" that contravenes its purpose and intent. *See Parker v. City of Tucson*, ___ Ariz. ___, ¶ 12, 314 P.3d 100, 106 (App. 2013) (primary purpose in interpreting statute to give effect to legislature's intent).

**¶18**        In sum, we find there was ample evidence to support the jury's conclusion that Nereim had endangered the minor pursuant to § 13-3623. Not only did he fail three sobriety tests and have a BAC over four times the legal limit,[6] but before being arrested he had collided with a parked car. These facts do not demonstrate that the risk of harm created by Nereim's conduct was merely "hypothetical," as he contends. On the contrary, his behavior translated into real risks for his passenger. Accordingly, we find no error in the trial court's denial of Nereim's motion for a judgment of acquittal on count two. *See Mathers*, 165 Ariz. at 67, 796 P.2d at 869.

---

aware of the endangerment. *See Morgan*, 128 Ariz. 362, 367, 625 P.2d 951, 956.

[6] Pursuant to A.R.S. § 28-1381(G)(3), a defendant will be presumed to be under the influence of intoxicating liquor if he is shown to have had a BAC of .08 or more.

## B.    Jury Instructions

¶19        Nereim challenges the trial court's jury instruction on the child abuse charge (Instruction No. 16), relying on the same interpretation of the term "endangered" that we have already considered and rejected in the context of his motion for judgment of acquittal.   Specifically, he contends the court erred by failing to instruct the jury on "the state's burden to prove . . . beyond a reasonable doubt that Nereim placed [the minor] in *actual* substantial risk of imminent physical injury."   But as we have discussed above, Nereim's interpretation of § 13-3623 is inconsistent with the statute's purpose and established case law.  *See Mahaney*, 193 Ariz. 566, ¶¶ 14-17, 975 P.2d at 158-59.   In upholding the rejection of Nereim's proposed instruction, we simply reiterate our conclusion that the state was not required to show an "actual substantial risk" in order to meet its burden under § 13-3623.  *See State v. Hussain*, 189 Ariz. 336, 337, 942 P.2d 1168, 1169 (App. 1997) (trial court does not err in refusing to give jury instruction that is incorrect statement of law).

¶20        We also briefly address Nereim's claim that Instruction No. 16, which required the state to prove "the defendant acted under circumstances other than [those] likely to cause death or serious physical injury," was both misleading and confusing. According to Nereim, the foregoing statement was "so broad and unintelligible that it encompasse[d] nearly all of human behavior," and may have led the jury to conclude that the state "merely had to prove that Nereim *acted*."   Because Nereim did not object to this instruction at trial, we review for fundamental error.  *See, e.g., State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005).

¶21        Viewed in isolation, the challenged statement may indeed be susceptible to multiple interpretations, including the broad one advanced by Nereim.  But on appeal, "we do not review a single sentence of jury instructions out of context; rather we view the jury instructions in their entirety in determining whether they adequately reflect the law."  *State v. Rutledge*, 197 Ariz. 389, ¶ 15, 4 P.3d 444, 448 (App. 2000).   Although the portion of Instruction No. 16 cited by Nereim may arguably set a low bar for the state, the

remainder of the instruction plainly required the state to establish, *inter alia*, that Nereim had endangered the minor and acted recklessly.[7] The language, "circumstances other than [those] likely to cause death or serious physical injury," merely echoes the distinction drawn by the statute between the two categories of felony child abuse defined therein.[8] Accordingly, we find no error, fundamental or otherwise, in the trial court's use of this instruction.

## C. Double Jeopardy

**¶22** While Nereim has failed to raise this issue at trial or on appeal, we find it necessary to consider whether his convictions and sentences on counts one, three, and five violate constitutional principles of double jeopardy. *See State v. Fernandez*, 216 Ariz. 545, ¶ 32, 169 P.3d 641, 650 (App. 2007) ("Although we do not search the record for fundamental error, we will not ignore it when we find it."); *see also State v. Millanes*, 180 Ariz. 418, 421, 885 P.2d 106, 109 (App. 1994) ("prohibition against double jeopardy is a fundamental right that is not waived by the failure to raise it"). The protection

---

[7]In its entirety, Instruction No. 16 reads:

The crime of child abuse, non-death or serious physical injury as alleged in count two requires proof of the following:

1. The defendant acted under circumstances other than is likely to cause death or serious physical injury; *and*

2. The defendant, having care or custody of a child, under eighteen years of age, caused or permitted the child to be placed in a situation where the person or health of the child was endangered; *and*

3. The defendant acted recklessly.

[8]Section 13-3623(A) defines the more serious offense of child abuse involving a risk of serious physical injury or death.

against double jeopardy is an issue of law that we review *de novo*. *See State v. Powers*, 200 Ariz. 123, ¶ 5, 23 P.3d 668, 670 (App. 2000).

**¶23** "A defendant's right not to be subjected to double jeopardy is violated if he is convicted of both a greater and lesser-included offense." *State v. Becerra*, 231 Ariz. 200, ¶ 20, 291 P.3d 994, 999 (App. 2013), *review granted* (Ariz. May 29, 2013). A lesser included offense is one "composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983).

**¶24** Our supreme court has held that a defendant arrested for DUI may be convicted for both forms of DUI—impairment pursuant to § 28-1381(A)(1) and elevated BAC pursuant to § 28-1381(A)(2)—without offending principles of double jeopardy. *See Anderjeski v. City Court*, 135 Ariz. 549, 550-51, 663 P.2d 233, 234-35 (1983) (construing statutory predecessor to § 28-1381[9] and holding that each form of DUI represents a "separate and distinct offense[]"). However, when the only difference between two DUI charges is the BAC threshold, a court cannot allow a conviction on the lesser charge to stand. *See Merlina v. Jejna*, 208 Ariz. 1, n.1, 90 P.3d 202, 204 n.1 (App. 2004). Likewise, we have determined under analogous circumstances that a conviction for misdemeanor DUI violates principles of double jeopardy if the defendant has also been convicted of the same form of aggravated DUI. *Cf. Becerra*, 231 Ariz. 200, ¶ 20, 291 P.3d at 999 (defendant cannot be convicted of both aggravated driving under the influence of a prohibited drug and misdemeanor driving under the influence of a prohibited drug).

---

[9]*Anderjeski* analyzed this issue in the context of former A.R.S. § 28-692, which has since been renumbered as A.R.S. § 28-1381. *See* 1983 Ariz. Sess. Laws, ch. 279, § 6; 1995 Ariz. Sess. Laws, ch. 132, § 3; 1996 Ariz. Sess. Laws, ch. 76, § 3. While former § 28-692 provided a threshold BAC of .10 rather than .08, *compare* 1983 Ariz. Sess. Laws, ch. 279, § 6, *with* 2007 Ariz. Sess. Laws, ch. 219, § 1, that distinction does not affect our analysis.

¶25 Therefore, as the state concedes, Nereim's convictions for driving with a BAC of .20 or more and aggravated driving with a BAC of .08 or more while a minor is present should not have been permitted because they constitute lesser-included offenses of the aggravated DUI offense in count seven, a crime for which he also was convicted. *See Merlina*, 208 Ariz. 1, ¶ 15, 90 P.3d at 204; *cf. Becerra*, 231 Ariz. 200, ¶ 20, 291 P.3d at 999. Similarly, Nereim's conviction for misdemeanor driving under the influence of intoxicating liquor cannot be sustained alongside his felony conviction for aggravated driving under the influence of intoxicating liquor while a minor is present. *See* A.R.S. §§ 28-1381(A)(1), 28-1383(A)(3).[10] Accordingly, we find that Nereim's convictions and sentences as to counts one, three, and five must be vacated. *See State v. Jones*, 185 Ariz. 403, 407, 916 P.2d 1119, 1123 (App. 1995) (lesser conviction vacated when double jeopardy violated).

## D. Criminal Restitution Order

¶26 Finally, we address that portion of the trial court's sentencing minute entry that reduces "all fines, fees and assessments" to a CRO. We have previously held that A.R.S. § 13-805 does not authorize the imposition of a CRO before the expiration of a defendant's sentence [11] and such an order "'constitutes an illegal sentence, which is necessarily fundamental, reversible error.'" *State v. Lopez*, 231 Ariz. 561, ¶ 2, 298 P.3d 909, 910 (App. 2013), *quoting State v. Lewandowski*, 220 Ariz. 531, ¶ 15, 207 P. 3d 784, 789 (App. 2009). Therefore, that part of the sentencing order cannot stand.

---

[10]Although the misdemeanor count was charged to the jury as aggravated DUI with a suspended license, *see* A.R.S. §§ 28-1381(A)(1), 28-1383(A)(1), our focus is on the jury's ultimate verdict, not the state's charge. *See Merlina*, 208 Ariz. 1, ¶ 15, 90 P.3d at 205.

[11]Section 13-805, A.R.S., has since been amended. *See* 2012 Ariz. Sess. Laws, ch. 269, § 1.

## Disposition

**¶27**      For the foregoing reasons, we vacate Nereim's convictions and sentences as to counts one, three, and five. We also vacate the portion of the sentencing order that imposes an unauthorized CRO. In all other respects, Nereim's convictions and sentences are affirmed.