NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RONALD CLYDE GRAY, *Appellant.*

No. 1 CA-CR 18-0814
FILED 8-13-2019

Appeal from the Superior Court in Apache County
No. S0100CR201600127
The Honorable Michael D. Latham, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Law Office of Elizabeth M. Hale, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Diane M. Johnsen joined.

**H O W E**, Judge:

¶1        Ronald Clyde Gray appeals his convictions and sentences for two misdemeanor counts of driving while under the influence of intoxicating liquor — one count based on impairment to the slightest degree and one count based on Gray's blood-alcohol concentration ("BAC") being above 0.15 but less than 0.20. For the following reasons, we affirm in part and vacate in part.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the verdicts. *State v. Payne*, 233 Ariz. 484, 509 ¶ 93 (2013). One afternoon in February 2016, Arizona Department of Public Safety Trooper Carey Clayton stopped Gray for following another vehicle too closely and failing to stay in his lane. During the traffic stop, the trooper detected an odor of alcohol on Gray's breath and observed that Gray had bloodshot eyes and slurred speech. Gray told Trooper Clayton that he had consumed "two silver [t]equilas" the day before and that his driver's license was suspended. The trooper then conducted a horizontal gaze nystagmus test on Gray, and he noted that Gray exhibited the six telltale signs of inebriation. Trooper Clayton arrested Gray for driving under the influence, and shortly thereafter DPS Trooper Michael Wood joined Trooper Clayton at the scene.

¶3        As the troopers conversed about bringing Gray to the station and administering an Intoxilyzer 8000 test to him, Gray called for medical assistance, claiming that he was having a heart attack and seizure. When the ambulance arrived, Gray was transported to a nearby hospital where a nurse drew his blood for medical-testing purposes. Trooper Wood obtained a sample of the blood pursuant to a search warrant and submitted it for testing. The subsequent blood-alcohol test revealed that Gray's BAC was 0.17.

¶4        The State charged Gray by information with four counts[1] of driving under the influence, alleging: (1) aggravated driving with a BAC of 0.08 or more with a suspended license in violation of A.R.S. § 28–1383(A)(1), a class 4 felony; (2) aggravated driving while impaired to the slightest degree with a suspended license in violation of A.R.S.

---

[1]     The State also charged Gray with driving while under the extreme influence of intoxicating liquor with a BAC of 0.20 or more in violation of A.R.S. § 28–1382(A)(2), a class 1 misdemeanor, but the State dismissed that charge before trial.

§ 28–1383(A)(1), a class 4 felony; (3) driving while impaired to the slightest degree in violation of A.R.S. § 28–1381(A)(1), a class 1 misdemeanor; and (4) driving while under the extreme influence of intoxicating liquor with a BAC of 0.15 or more but less than 0.20 in violation of A.R.S. § 28–1382(A)(1), a class 1 misdemeanor. A jury convicted Gray on the charges, and the court sentenced him to four concurrent terms of incarceration: a presumptive term of 2.5 years for each felony DUI offense and to six months' imprisonment for each of the misdemeanor DUI offenses. It also credited Gray with 215 days' presentence incarceration credit. Gray timely appealed.

**DISCUSSION**

**¶5**        Gray challenges on double-jeopardy grounds his convictions and sentences for two misdemeanor counts of driving while under the influence of intoxicating liquor. Because Gray did not raise this argument in the trial court, he has forfeited his claim absent fundamental, prejudicial error. *See State v. Morales,* 215 Ariz. 59, 61 ¶ 10 (2007). A double-jeopardy violation, however, constitutes fundamental error, and we review de novo whether a double-jeopardy violation has occurred. *State v. Cooney*, 233 Ariz. 335, 339–40 ¶ 11 (App. 2013).

**¶6**        The Double Jeopardy Clauses of both the United States and Arizona Constitutions prohibit imposing multiple punishments for the same or lesser-included offense. *See* U.S. Const. amend. V; Ariz. Const. art. 2, § 10; *see also State v. Siddle*, 202 Ariz. 512, 515 ¶¶ 7, 8 (App. 2002); *State v. Welch*, 198 Ariz. 554, 556 ¶ 6 (App. 2000). "To constitute a lesser-included offense, the offense must be composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Celaya*, 135 Ariz. 248, 251 (1983). Offenses are not the same if each requires proof of a fact that the other does not. *State v. Barber*, 133 Ariz. 572, 576 (App. 1982).

**¶7**        The State concedes in its answering brief that Gray's conviction for misdemeanor driving while impaired to the slightest degree is a lesser-included offense of aggravated driving while impaired to the slightest degree. The State is correct. Aside from the distinction that the latter offense was charged as aggravated based on Gray's having been driving with a suspended license, the two offenses have identical elements. As such, committing the offense of aggravated driving while impaired to the slightest degree is not possible without also committing misdemeanor driving while impaired to the slightest degree. Gray's convictions of both charges therefore constituted double jeopardy. Consequently, his conviction for the lesser-included offense of misdemeanor driving while

impaired to the slightest degree must be vacated. *See State v. Jones*, 185 Ariz. 403, 407 (App. 1995) (stating that when one of two convictions based on one act must be vacated, the lesser conviction is generally vacated).

**¶8**        Gray asserts that his conviction for extreme DUI with a BAC between 0.15 and 0.20 is a lesser-included offense aggravated DUI with a BAC over 0.08. Gray is incorrect. A BAC of 0.15 is clearly a fact that need not be proved for aggravated DUI with a BAC over 0.08. Conversely, a suspended license is a fact that need not be proved for extreme DUI. Hence, committing aggravated DUI as charged in count one is possible without committing extreme DUI.

**¶9**        To bolster his argument, Gray cites *State v. Nereim*, 234 Ariz. 105 (App. 2014) and *State v. Solis*, 236 Ariz. 242 (App. 2014). Those decisions are inapposite to the case before us, however. *Nereim* and *Solis* addressed only situations where the sole difference in the charges is the BAC threshold. *See Nereim*, 234 Ariz. at 112 ¶ 24. ("[W]hen the only difference between two DUI charges is the BAC threshold, a court cannot allow a conviction on the lesser charge[.]"); *Solis*, 236 Ariz. at 249 ¶ 24 ("Here, the only difference between the DUI charges was the BAC threshold."). Indeed, the circumstances presented here are clearly distinguishable from those in *Nereim* and *Solis*. The two convictions therefore do not violate the principles of double jeopardy.

## CONCLUSION

**¶10**        For the foregoing reasons, we affirm Gray's convictions and sentences for count one, aggravated DUI with a BAC over 0.08; count two, aggravated DUI while impaired to the slightest degree; and count four, extreme DUI with a BAC between 0.15 and 0.20. We vacate, however, Gray's conviction and the sentence imposed for count three, DUI while impaired to the slightest degree.

