IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

*v.*

REGGIE GABLE JAMES,
*Appellant.*

No. 1 CA-CR 15-0002
FILED 4-21-2016

Appeal from the Superior Court in Maricopa County
No.  CR 2013-428962-001
The Honorable Brian D. Kaiser, Commissioner

**VACATED IN PART AND AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Chris DeRose
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Louise Stark
*Counsel for Appellant*

---

## OPINION

Judge Patricia A. Orozco delivered the opinion of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**O R O Z C O,** Judge:

¶1　　　　Reggie Gable James appeals his convictions and resulting sentences for six counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs (aggravated DUI), all class 4 felonies.　James asserts he cannot be convicted of aggravated driving while impaired under both Arizona Revised Statutes (A.R.S.) section 28-1383.A.1 (driving intoxicated while license is restricted) and § 28-1381.A.4 (driving intoxicated when an Ignition Interlock Device (IID) is required) because an order requiring an IID under § 28-1383.A.4 is a "restriction" on his license under § 28-1383.A.1.　For the following reasons, we vacate the judgment in part and affirm the judgment in part, as modified.

### FACTS AND PROCEDURAL BACKGROUND

¶2　　　　Scottsdale Police arrested James for aggravated driving under the influence.[1]　At the time of the arrest, James's driver's license and privileges had been suspended and revoked.　In connection with a prior proceeding, the Arizona Motor Vehicle Division (MVD) had also ordered James to have an IID installed either before reinstatement of his license or the MVD receiving a copy of his conviction, whichever occurred last.

¶3　　　　James was charged with six counts of aggravated DUI: 1) aggravated DUI while the license or privilege to drive is suspended, cancelled, revoked, refused, or restricted; 2) aggravated DUI with a BAC of .08 or more while the license or privilege to drive is suspended, cancelled, revoked, refused, or restricted; 3) aggravated DUI while subject to an IID; 4) aggravated DUI with a BAC of .08 or more while subject to an IID; 5) aggravated DUI while under the influence of intoxicating liquor with two prior convictions within eighty-four months; and 6) aggravated DUI

---

[1]　　James's blood test, taken after his arrest, showed his blood alcohol content (BAC) was .105.

with a BAC of .08 or more with two prior convictions within eighty-four months.

¶4 James was convicted of all counts. The trial court sentenced James to concurrent prison sentences, the longest of which was four and a half years. James timely appealed and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21.A.1, 13-4031 and -4033.A.1 (West 2016). [2]

## DISCUSSION

I.      Ignition Interlock Device Convictions

¶5 James argues Counts 1 and 2 and Counts 3 and 4 were multiplicitous and that "convictions for both pairs . . . violate his protection against double jeopardy." We have previously held a defendant may be convicted of both A.R.S. § 28-1381.A.1 (impaired to the slightest degree) and § 28-1381.A.2 (BAC of .08 or more) without "offending the principles of double jeopardy." *State v. Nereim*, 234 Ariz. 105, 112, ¶ 24 (App. 2014); *see also Anderjeski v. City Court*, 135 Ariz. 549, 550-51 (1983) (interpreting the statutory predecessor to A.R.S. § 28-1381). James, however, asserts a defendant may not be convicted of aggravated driving while impaired under both A.R.S. § 28-1383.A.1 (driving intoxicated while license is restricted) and § 28-1381.A.4 (driving intoxicated when an IID is required). The premise of his argument is that an order requiring an IID under A.R.S. § 28-1383.A.4 is the same as a "restriction" on his license under § 28-1383.A.1. He argues, therefore, that "[e]ither Counts 1 and 2, or Counts 3 and 4 must be vacated." Thus, the question James's appeal presents is whether the convictions of Counts 1 and 3 and Counts 2 and 4, respectively, violated his double jeopardy rights.

¶6 At the time James was stopped, his license had been suspended and revoked. The MVD order issued in the prior proceeding required him to have an IID "installed on any motor vehicle that you operate for 12 [m]onths from the date that your driving privilege is reinstated or from the date we receive the report of conviction, whichever occurs later." Therefore, by its own terms, the IID order had not become effective because his license had not yet been reinstated. Because James's license had not been reinstated, there was not yet a requirement that he

---

[2]     We cite the current version of applicable statutes when no revisions material to this opinion have since occurred.

install an IID on any vehicle he operated. Consequently, while he could be charged with aggravated DUI for driving while his license was suspended and revoked pursuant to A.R.S. § 28-1383.A.1, James could not also be charged with, nor convicted of, a requirement that he had failed to obtain and operate his vehicle with an IID for a year under A.R.S. § 28-1383.A.4. When police arrested James in the current proceeding, his driving privilege had not been restored, so the IID provision was not yet in effect. We therefore vacate the convictions for Counts 3 and 4.

II.     Corrected Sentencing Minute Entry

¶7          Both James and the State request this court amend the sentencing minute entry to reflect the sentence actually imposed at the sentencing hearing. When there is a discrepancy between the trial court's oral statements at a sentencing hearing and its written minute entry, the oral statements control. *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013).

¶8          The trial court initially sentenced James to 4.5 years' imprisonment for all six counts. However, during the same sentencing hearing, the court amended the sentence to 2.5 years' imprisonment for Counts 5 and 6 because James's prior convictions were elements of the crimes and could not be used to enhance the sentences beyond the presumptive term. Notwithstanding that James stipulated to two prior felony convictions during sentencing, the trial court's December 5, 2014 sentencing minute entry listed James as a non-repetitive offender on all counts.

¶9          The trial court issued a minute entry on January 8, 2015 amending its December 5 minute entry to correct James's sentences for Counts 5 and 6 to 2.5 years' imprisonment. We have vacated the convictions for Counts 3 and 4. We further modify the December 5 minute entry to reflect that James is a repetitive offender as to Counts 1 and 2. *See State v. Jonas,* 164 Ariz. 242, 245 n.1 (1990); *see also State v. Contreras*, 180 Ariz. 450, 453 n.2 (App. 1994) ("When we are able to ascertain the trial court's intention by reference to the record, remand for clarification is unnecessary.").

**CONCLUSION**

**¶10**          For the foregoing reasons, we vacate James's convictions on Counts 3 and 4, affirm the convictions and sentences for Counts 1, 2, and 5, and modify the trial court's December 5 minute entry consistent with this opinion.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama