NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

IVE SULLIVAN, *Petitioner*.

No. 1 CA-CR 15-0817 PRPC
FILED 5-11-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-455906-001
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Ive Sullivan, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge James P. Beene joined.

**T H U M M A**, Judge:

¶1 Petitioner Ive Sullivan seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2017).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Finding no such error, this court grants review but denies relief.

¶2 In 2014, Sullivan pled guilty to one charge of misconduct involving weapons, a Class 4 felony.[2] After a priors trial, the superior court found that Sullivan had two prior historical felony convictions and sentenced him to 10 years in prison, a presumptive sentence.

¶3 Sullivan filed a timely petition for post-conviction relief, claiming trial counsel was deficient in four respects: (1) failing to challenge the grand jury proceeding in a timely manner; (2) failing to seek an appeal after the superior court denied a suppression motion, which Sullivan believes to have forced him to enter a plea; (3) providing erroneous and incomplete advice, which Sullivan asserts caused him to reject a more favorable plea; and (4) misleading Sullivan into entering a plea, the terms of which he claims were unknown to him and unfavorable. The superior court dismissed the petition. *See* Ariz. R. Civ. P. 32.6(c). It is from this dismissal that Sullivan seeks relief.

¶4 On review, Sullivan re-argues the same four claims. Sullivan provides no new law or fact to succeed on a Sixth Amendment claim of ineffective assistance of counsel. A defendant must show that there is a "reasonable probability" that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland v. Washington*,

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] The State originally indicted Sullivan on two additional drug-related counts that were dismissed following a suppression hearing. After a settlement conference, Sullivan pled guilty to the remaining charge. Although the resulting minute entry states the offense was non-repetitive, the transcript shows the plea was to the offense, leaving to the priors trial whether it was repetitive or non-repetitive. *See State v. James*, 239 Ariz. 367, 368 ¶ 7 (App. 2012) ("When there is a discrepancy between the trial court's oral statements at a sentencing hearing and its written minute entry, the oral statements control.").

466 U.S. 668, 694, 695 (1984). Sullivan does not establish both that trial counsel's performance fell below an objectively reasonable professional standard and that the deficient performance caused prejudice to the defense. *Strickland*, 466 U.S. at 687; *State v. Nash*, 143 Ariz. 392, 397 (1985).

¶5 A review of the record details the procedural history of the case and is not supportive of Sullivan's claims. After substantial motion practice and an advisement pursuant to *State v. Donald*, 198 Ariz. 406 (App. 2000) on a prior plea that Sullivan rejected, before accepting Sullivan's guilty plea, the superior court engaged in a lengthy settlement conference with Sullivan. This included a discussion regarding the State's anticipated sentencing recommendation. The State, unequivocally, agreed that if Sullivan pled guilty, the recommendation would be that Sullivan serve 10 years in prison. The court assured Sullivan that if the State proved that he had two historical prior felony convictions and was on supervised release at the time of the offense, it still would sentence him to 10 years in prison. If Sullivan were convicted at trial, the superior court explained, he would face up to 15 years in prison.

¶6 Sullivan subsequently pled guilty to the charge. While Sullivan had no constitutional right to a settlement conference, he also had no need for one once he decided to plead guilty. There would also have been no purpose for trial counsel to appeal any superior court ruling. At the change of plea hearing, Sullivan indicated he understood that the State would attempt to prove that Sullivan had two historical priors and that Sullivan was on release at the time of the offense. The court accepted Sullivan's admission. Then the State proved Sullivan had two historical prior felony convictions. A discussion was held again to explain the plea history, Sullivan's rejection of the initial plea offer, the suppression hearing results, and the State's decision not to allege an aggravator which would require a sentence in excess of 10 years. The superior court sentenced Sullivan to the statutory presumptive term of 10 years in prison. Claims regarding the voluntariness of a plea are meritless if the record shows the superior court questioned the defendant in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969), and the defendant's responses to those questions indicate the defendant entered the plea knowingly, voluntarily and intelligently. *State v. Hamilton*, 142 Ariz. 91, 93 (1984). On this record, this standard was met.

¶7 Similarly, Sullivan has not shown trial counsel's performance was deficient and that but for counsel's errors, the result would have been different. *See Strickland*, 466 U.S. at 687. Accordingly, the superior court properly dismissed Sullivan's petition.

¶8        For these reasons, this court grants review but denies relief.

