NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSE GENARO SALAZAR, *Petitioner*.

No. 1 CA-CR 16-0508 PRPC
FILED 10-17-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 2000-010424
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Jose Genaro Salazar, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

**C A M P B E L L**, Judge:

¶1          Jose Genaro Salazar petitions this court for review from the dismissal of his petition for post-conviction relief, pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and grant review but deny relief.

¶2          On July 7, 2000, Salazar was indicted on nine counts of sexual misconduct involving three victims. Salazar agreed to plead guilty to three counts. Each count in the plea related to a different child. Each child was under the age of 15 at the time of the events. At the December 2000 plea hearing Salazar pled guilty to: count 3, sexual conduct with a minor, a class 2 felony and dangerous crime against children; count 7, attempted molestation of a child, a class 3 felony and dangerous crime against children; and count 9, attempted molestation of a child, a class 3 felony and dangerous crime against children, reduced per plea agreement.

¶3          The superior court informed Salazar that he would get lifetime probation for count 9, but he could receive a term of imprisonment or probation for count 7. In January 2001, Salazar was sentenced to: 20 years on count 3, sexual conduct with a minor; the presumptive term of 10 years on count 7, attempted molestation to run consecutive to count 3; and lifetime probation on count 9.[1]

¶4          On April 3, 2001, Salazar filed his first petition for post-conviction relief claiming he was improperly induced to enter the plea agreement and his trial counsel had been ineffective. The superior court dismissed the petition on April 25, 2002.

¶5          Over six years later, on August 27, 2008, Salazar filed a second petition for post-conviction relief claiming newly discovered evidence, he was without fault for failing to file a timely petition, and a significant change in the law. Salazar alleged his sentence violated the sentencing guidelines, his trial counsel had been ineffective by inducing him to accept the plea agreement, the prosecution failed to turn over exculpatory material in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and he was selectively prosecuted based on his race and indigent status. The superior court

---

[1]          As discussed, *infra* ¶ 11, the plea, the superior court's minute entry regarding the change of plea hearing, and the sentencing minute entry erroneously state count 7 was for attempted sexual conduct with a minor, rather than attempted molestation.

dismissed the petition as untimely and precluded. This court denied Salazar's petition for review.

¶6            On April 22, 2016, Salazar filed his third petition in which he again claimed ineffective assistance of counsel and newly discovered evidence. Salazar added a new claim asserting he should have received probation on count 7 and in failing to impose probation, the superior court violated his right to due process. The superior court dismissed the petition as untimely and the claims precluded.

¶7            On May 19, 2016, Salazar filed a Motion for Reconsideration. He claimed that the superior court had misinterpreted the statute, and the offense charged in count 7 was an *attempted,* not completed offense. Therefore, meting out the presumptive sentence of 10 years was in error. Salazar filed a second Motion for Reconsideration on May 24, 2016, raising the same issue. The superior court denied both motions.

¶8            Salazar then filed a "Supplemental Rule 32" on June 16, 2016. In the supplement, he pointed to a discrepancy between the statutory citation of count 7 in the indictment and the statutory citation in the plea agreement. He also claimed the superior court lacked subject matter jurisdiction because of this discrepancy. On July 1, 2016, the superior court dismissed the supplemental petition stating: "The pleading appears to be the Defendant's fifth attempt to avoid his consecutive prison term of 10 years imposed on January 26, 2001. The sentence imposed was a legal sentence."

¶9            On July 28, 2016, Salazar petitioned this court for review, seeking *only* review of his supplemental petition. He notes that the indictment charged count 7 as an attempt to commit an offense under Arizona Revised Statutes ("A.R.S.") section 13-1410 (molestation of a child under 15 years of age) and the plea agreement changed the violation to an attempt to commit an offense under A.R.S. § 13-1405 (sexual conduct with a minor under the age of 15). He claims this change violates his right to notice of the charges against him, and strips the superior court of subject matter jurisdiction to accept the plea.

¶10           The reviewing court will not reverse a court's summary dismissal of post-conviction relief proceedings unless it finds an abuse of discretion. *State v. Ward*, 211 Ariz. 158, 161, ¶ 7 (App. 2005). Here, the superior court correctly found that Salazar's claims in his "supplemental" petition were untimely and the claims precluded.

¶11      We note however, that a review of the transcripts from the change of plea hearing and the sentencing hearing demonstrate that count 7—the offense that Salazar pled to and for which he provided the supporting factual basis—was attempted molestation. We therefore correct the superior court's minute entry regarding the plea agreement/change of plea hearing and its sentencing minute entry to reflect that count 7 is attempted molestation, a class 3 felony and dangerous crime against children. *See State v. James*, 239 Ariz. 367, 368, ¶ 7 (App. 2016) ("When there is a discrepancy between the trial court's oral statements at a sentencing hearing and its written minute entry, the oral statements control.") (citation omitted); *State v. Contreras*, 180 Ariz. 450, 453 n.2 (App. 1994) ("When we are able to ascertain the trial court's intention by reference to the record, remand for clarification is unnecessary.").

¶12      Accordingly, we grant review but deny relief.

