IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**STATE OF ARIZONA,**
*Appellee,*

*v.*

**ARMANDO PENA, JR.,**
*Appellant.*

No. CR-13-0377-PR
Filed August 11, 2014

Appeal from the Superior Court in Pima County
The Honorable Howard L. Fell, Judge Pro Tempore
No. CR20114301-001
**AFFIRMED**

Opinion of the Court of Appeals, Division Two
233 Ariz. 112, 309 P.3d 936 (2013)
**VACATED IN PART**

COUNSEL:

Thomas C. Horne, Arizona Attorney General, Robert L. Ellman, Solicitor General, Joseph T. Maziarz, Section Chief Counsel, Nicholas Klingerman (argued), Assistant Attorney General, Capital Litigation Section, Tucson, for State of Arizona

Lori J. Lefferts, Pima County Public Defender, Abigail Jensen (argued), Assistant Public Defender, Tucson, for Armando Pena, Jr.

JUSTICE BRUTINEL authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, JUSTICE BERCH, and JUSTICE TIMMER joined.

JUSTICE BRUTINEL, opinion of the Court:

¶1          An assault is aggravated under A.R.S. § 13-1204(A)(3) if it is committed "by any means of force that causes temporary but substantial

disfigurement . . . of any body part."  Interpreting the phrase "temporary but substantial disfigurement" for the first time, we hold that substantial evidence supports the jury's determination that Armando Pena, Jr. committed aggravated assault based on the injuries he inflicted to the victim's hand and abdomen.

## I.  BACKGROUND

**¶2**          Pena repeatedly assaulted the victim with a knife or other sharp object, injuring her hand, leg, and abdomen.  A 3-inch cut on her left palm extended through the skin deeply enough to expose muscle tissue underneath.  A 3-to-4 inch laceration on her leg penetrated the skin to the fatty tissue and muscle.  She had a 2-centimeter-wide (.8 inch) puncture wound in her abdomen that exposed fatty tissue.  The jury found Pena guilty of one count of kidnapping and three counts of aggravated assault under § 13-1204(A)(3), one for each wound.  He was sentenced to concurrent prison terms of 10.5 years.

**¶3**          Pena appealed the convictions arising from the hand and abdominal injuries.  *State v. Pena*, 233 Ariz. 112, 115 ¶ 6, 309 P.3d 936, 939 (App. 2013).  The court of appeals affirmed the hand-injury conviction, but reversed the abdominal-injury conviction, concluding that the State presented insufficient evidence to support the jury's verdict.  *Id.* at 116–17 ¶¶ 13, 15, 309 P.3d at 940–41.

**¶4**          Both parties sought review, each arguing that the court of appeals misinterpreted the phrase "temporary but substantial disfigurement."  We granted review because the interpretation of § 13-1204(A)(3) is a recurring legal issue of statewide importance.  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.  DISCUSSION

**¶5**          Statutory interpretation is a question of law that this Court reviews de novo.  *State v. Hansen*, 215 Ariz. 287, 289 ¶ 6, 160 P.3d 166, 168 (2007).  We also review de novo the sufficiency of evidence to support a conviction.  *State v. West*, 226 Ariz. 559, 562 ¶ 15, 250 P.3d 1188, 1191 (2011).  We resolve any conflicts in the evidence against the defendant and view all facts in the light most favorable to supporting the verdict.  *State v. Girdler*,

138 Ariz. 482, 488, 675 P.2d 1301, 1307 (1983). We review the sufficiency of evidence presented at trial only to determine if substantial evidence exists to support the jury verdict. *State v. Hausner*, 230 Ariz. 60, 75 ¶ 50, 280 P.3d 604, 619 (2012). Substantial evidence is evidence that "reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *Id.*

¶6        Section 13-1204(A)(3) provides that a "person commits aggravated assault if the person commits assault . . . by any means of force that causes temporary but substantial disfigurement, temporary but substantial loss or impairment of any body organ or part or a fracture of any body part." The terms "temporary," "substantial," and "disfigurement" are not defined by statute, and Arizona courts have never previously addressed their meaning as used in § 13-1204(A)(3). Absent statutory definitions, courts apply common meanings, *State v. Cox*, 217 Ariz. 353, 356 ¶ 20, 174 P.3d 265, 268 (2007), and may look to dictionaries, *State ex rel. Montgomery v. Harris (Shilgevorkyan)*, 234 Ariz. 343, 344 ¶ 9 322, P.3d 160, 161 (2014). Disfigurement means "[t]o blemish or spoil the appearance or shape of." THE AMERICAN HERITAGE DICTIONARY 245 (5th ed. 2012). Substantial is defined as "[c]onsiderable." *Id.* at 817. Temporary means "[l]asting . . . for a limited time." *Id.* at 841.

¶7        Both Pena and the State urge us to interpret the phrase "temporary but substantial disfigurement" in ways that are inconsistent with the statute as it would ordinarily be understood. We decline to do so, but we take this opportunity to clarify how the different terms relate to each other and to describe the evidence needed to support a jury's finding of guilt under § 13-1204(A)(3). (Pena did not challenge the adequacy of the jury instructions below, and we do not address the instructions here.)

¶8        We agree with the court of appeals that an injury's location in an area normally clothed does not determine whether the injury is disfiguring, but location may be relevant to the jury's determination whether a disfiguring injury is substantial. *Pena*, 233 Ariz. at 117 ¶ 14, 309 P.3d at 941. Although it declined to hold that "an injury to a location of the body 'normally covered by clothing' can never be disfiguring," the court also reasoned that "an injury to the face will usually be more disfiguring than the same injury to a part of the body typically covered by clothes." *Id.* In determining that the hand injury was substantially disfiguring, the court of appeals explained that, "it would be readily visible to the casual observer

during the process of healing." *Id*. at 116 ¶ 13, 309 P.3d at 940. Based on a common understanding of the statutory terms, we agree with the court of appeals that an injury's location can make it more or less substantial, but the location does not determine whether it is disfiguring. A visible injury disfigures the victim even if it is typically covered by a bandage or clothing.

¶9 We also reject Pena's argument that whether an injury is "disfiguring" depends on its "seriousness or duration." For this proposition, Pena relies on *Funk v. Indus. Comm'n*., 167 Ariz. 466, 468, 808 P.2d 827, 829 (App. 1991). *Funk* is distinguishable. The *Funk* court was asked to interpret whether under A.R.S. § 23-1044(B)(22) any facial scar constitutes a "permanent disfigurement about the head or face." Here, by contrast, § 13-1204(A)(3) also deals with disfiguring injury, but also expressly identifies a subset of disfiguring injuries to which it applies — those that are substantial. We decline to engraft a separate "seriousness" requirement into the definition of disfiguring. There is no statutory requirement that the injury be long lasting or serious to be disfiguring; rather, duration and seriousness are factors that should be considered in determining whether the injury is "temporary" and "substantial," as the statute requires.

¶10 The court of appeals incorrectly suggested that "the duration of a temporary injury remains an appropriate factor to consider when evaluating whether a person has been disfigured." *Pena*, 233 Ariz. at 116 ¶¶ 9, 12 n.3, 309 P.3d at 940. Section 13-1204(A)(3) criminalizes the infliction of substantially disfiguring injuries of any duration. The injury's duration does not make it either more or less disfiguring, but the injury's duration is relevant in determining whether the disfigurement is substantial.

¶11 Finally, the court of appeals erred by suggesting that a substantial injury must be comparable to a fracture or the loss of an organ or body part. Likewise incorrect is the State's argument that the injury need simply be "something having substance or actual existence" in order to be substantial. Adopting either of these arguments would be to adopt a definition of "substantial" inconsistent with its common meaning. Whether a disfigurement is substantial is a fact-intensive, case-by-case question that the trier-of-fact must resolve based on the evidence. Ultimately, the jury must decide whether the disfigurement is "considerable," taking into account multiple factors — such as the injury's seriousness, location, duration, and visibility to others. Although the statute does not require that

4

the injuries be comparable to a fracture or loss of an organ or body part, by including them in the same section with the temporary but substantial disfigurement language, the legislature intended that only serious injuries would elevate simple assault to aggravated assault, and "substantial disfigurement" must reflect an injury commensurate with the enhanced penalties for aggravated assault. *Compare* A.R.S. § 13-1204(D) (explaining that aggravated assault for a violation of A.R.S. § 13-1204(A)(3) is a class 4 felony) *with* A.R.S. § 13-1203(B) (explaining that an assault for a violation of A.R.S. § 13-1203(A)(1) is a class 1 misdemeanor). For example, misdemeanor assault carries a maximum penalty of six months, while aggravated assault under § 13-1204(A)(3) carries a presumptive sentence of six years. A.R.S. §§ 13-704; 13-707.

¶12        We now turn to the evidence supporting the jury's finding that the victim's hand injury constituted "temporary but substantial disfigurement." The injury was 3-to-4 inches long, extending through each layer of skin and exposing the underlying muscle. Like the court of appeals, we conclude that sufficient evidence supported the aggravated assault conviction relating to that injury. We disagree, however, with the court of appeals' conclusion regarding the victim's abdominal injury. That injury punctured the victim's skin and exposed fatty tissue. Viewing the testimony and photographs presented at trial in the light most favorable to upholding the verdict, and applying the common definitions of the statutory terms, we conclude that sufficient evidence supports the jury's finding that the victim's abdominal injury constituted a "temporary but substantial disfigurement."

## III.  CONCLUSION

¶13        We vacate paragraphs four through fifteen of the court of appeals' opinion and affirm Pena's convictions and sentences on all counts.