NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

HARRY ALEXANDER KNIGHT, *Appellant.*

No. 1 CA-CR 19-0540
FILED 9-3-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-124126-001
The Honorable Kathleen H. Mead, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian R. Coffman
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

_____

**C R U Z**, Judge:

**¶1**   Harry Alexander Knight ("Knight") appeals his conviction and sentence for aggravated assault on a public defender. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**   C.S. is a private attorney who contracts with the Maricopa County Office of Contract Counsel. As a contract counsel, C.S. provides public defense services to indigent defendants.

**¶3**   In April 2018, C.S. was appointed to represent Knight in an unrelated case. C.S. met Knight at the courthouse for his first appearance. As she introduced herself, Knight said, "[y]ou're not my lawyer. I don't want to talk to you." C.S. explained the agenda for the hearing and advised Knight that she needed to meet with the prosecutor to discuss scheduling.

**¶4**   After C.S. met with the prosecutor, C.S. observed Knight arguing with court staff about video recording in the courthouse. C.S. advised Knight that he was not allowed to record in the courthouse. The two then proceeded to the courtroom.

**¶5**   While waiting in the courtroom for the hearing to start, Knight paced in the back, cursed, and called the prosecutor a "worm." Court security escorted Knight out of the courtroom. C.S. conferred with Knight outside of the courtroom.

**¶6**   Knight again said that C.S. was not his lawyer and that he did not want to talk to her. C.S. told Knight that she was his lawyer and that the court would have to remove her as his counsel. Knight started recording on his phone despite C.S.' warning that recording was not allowed. C.S. told him to put the phone away because they needed to get back in the courtroom. C.S. also gestured with her hand to put the phone away. Knight then stepped toward her, cursed at her, and hit her hand and

the file that she was holding. The file and C.S.' phone "went flying." C.S. noticed her phone was cracked.

**¶7**            Knight was arrested and charged with disorderly conduct, aggravated assault on a public defender, and criminal damage. During trial, Knight moved for Arizona Rule of Criminal Procedure ("Rule") 20 judgment of acquittal. The court denied the motion. Knight also objected to the jury instruction defining "knowingly touching" within the charge of aggravated assault, arguing there was no evidence that Knight touched C.S. The court allowed the instruction. Knight was convicted of aggravated assault and disorderly conduct.

**¶8**            Knight timely appealed his aggravated assault conviction and sentence, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and 13-4033(A)(1).

## DISCUSSION

**¶9**            Knight contends the superior court erred when it denied his Rule 20 motion for judgment of acquittal on aggravated assault. Specifically, Knight asserts there was insufficient evidence that his attorney was a public defender within the meaning of the aggravated assault statute. Because denial of the Rule 20 motion was based on the interpretation of a statute, we review denial of the motion under a *de novo* standard of review. *State v. Goudeau*, 239 Ariz. 421, 461, ¶ 168 (2016); *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014). However, we view the evidence in the light most favorable to sustaining the verdict, resolving all reasonable inferences against the defendant. *Goudeau*, 239 Ariz. at 461, ¶ 169.

I.        Meaning of "Public Defender" within Aggravated Assault Statute

**¶10**            Under A.R.S. § 13-1204(A)(8)(i), a person commits aggravated assault if the person knows or has reason to know the victim is a "public defender while engaged in the execution of any official duties or if the assault results from the execution of the public defender's official duties." Knight asserts that C.S. is not a "public defender" because she does not work for the public defender's office, but instead is a private attorney appointed by contract to assist in the indigent representation of Knight.

**¶11**            The aggravated assault statute does not define "public defender." Therefore, we apply the commonly accepted meaning of the term and may turn to dictionaries when necessary to ascertain such meaning. *Pena*, 235 Ariz. at 279, ¶ 6. Additionally, "[i]n construing a specific provision, we look to the statute as a whole and we may consider

statutes that are *in pari materia*—of the same subject or general purpose—for guidance and to give effect to all of the provisions involved." *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017).

**¶12**    Black's Law Dictionary defines the term public defender as "[a] lawyer or staff of lawyers, usu[ally] publicly appointed and paid, whose duty is to represent indigent criminal defendants." *Public Defender*, Black's Law Dictionary (11th ed. 2019). Further, within the same title of the Arizona criminal code defining aggravated assault, the term "public defender" is defined under another statute as follows:

> [A] federal public defender, county public defender, county legal defender or county contract indigent defense counsel and includes an assistant or deputy federal public defender, county public defender or county legal defender.

A.R.S. § 13-2401(D)(7).

**¶13**    Contrary to Knight's assertion, there is no requirement that C.S. be employed solely by the public defender's office. It is enough that she was a lawyer that was publicly appointed and contracted by the Maricopa County Office of Public Defense Services via the Maricopa County Office of Contract Counsel to represent Knight because he was an indigent defendant. Moreover, C.S. was a county contract defense counsel, which is expressly defined as a public defender under other portions of the Arizona criminal code. C.S. is a public defender within the meaning of the aggravated assault statute and substantial evidence was presented at trial to that effect. Accordingly, the superior court did not err.

II.    Jury Instruction on Aggravated Assault

**¶14**    Knight also contends the superior court erred when it instructed the jury on aggravated assault because there was no evidence that he touched C.S. A jury instruction is appropriate if it is "reasonably supported by the evidence." *State v. Tschilar*, 200 Ariz. 427, 436, ¶ 36 (App. 2001). We review the decision to give a requested jury instruction for an abuse of discretion. *State v. Dann*, 220 Ariz. 351, 363-64, ¶ 51 (2009).

**¶15**    The State requested a jury instruction on aggravated assault, which defined the element of touch as follows:

> Knowingly touching does not require a direct person-to-person contact. Instead it is sufficient if the defendant sets in

motion a force, process, or some substance that produces
some sort of contact with the victim.

¶16     The evidence presented at trial reasonably supports that
Knight touched C.S.  At trial, C.S. testified that Knight started moving
towards her, and she was concerned "he was going to backhand" her.  She
then testified that "he hit my arm, my file, everything went flying."  C.S.
later confirmed again that Knight "hit [her] actual hand."  Additionally,
other witnesses that observed the interaction between Knight and C.S. also
testified they saw Knight hit the file out of C.S.' hand.  This indirect contact
alone is sufficient to support the jury instruction defining the element of
touch.  The superior court did not err.

## CONCLUSION

¶17     For the foregoing reasons, we affirm Knight's conviction and
sentence for aggravated assault.

