NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERT ANTONE, *Appellant*.

No. 1 CA-CR 20-0005
FILED 11-12-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-135224-001
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge James B. Morse Jr. and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

**¶1**          Robert Antone appeals his convictions and sentences for aggravated assault and kidnapping. For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**          Antone and his pregnant girlfriend, Z.M., entered a gas station convenience store while Z.M.'s fifteen-year-old nephew, N.F., waited in the back seat of Z.M.'s two-door car. When a clerk, B.R., refused to sell them beer because Antone appeared drunk, he became enraged and threatened to shoot up the store.

**¶3**          After exiting the store to pump gas, Antone retrieved a gun from the car and shot multiple rounds at the store while three employees and several other people were inside and outside the building. B.R. was shot in the legs when two bullets penetrated a store window. Antone got into the car's front passenger seat, pointed the gun at Z.M.'s head and pregnant belly, and ordered her to drive away. At some point, he touched the gun to her face, burning it.

**¶4**          Z.M. stopped at another convenience store to buy Antone beer. When she returned to the car, Antone again commanded her to drive, swearing at her and pointing the gun at her head and stomach. Z.M. felt unable to resist Antone's commands and was concerned for the safety of N.F. Antone indicated he saw N.F. as "a threat" and told him at one point, "I'll fucking kill you too."

**¶5**          While stopped adjacent to Z.M.'s car at a stoplight, another driver saw Antone and Z.M. arguing while Antone appeared to be holding

---

[1]      We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Antone. *State v. Mendoza*, 248 Ariz. 6, 11, n.1 (App. 2019).

a gun. After the driver pulled behind Z.M.'s car, he saw Antone acting "aggressive" and pointing the gun at both Z.M. and N.F, and he called 911.

¶6      Based on the 911 call, a patrol officer located and pursued Z.M.'s vehicle. Seeing the officer behind him, Antone leaned out the passenger window and fired three shots at the police vehicle. One of the bullets penetrated the door of a nearby car and hit the driver.

¶7      Officers eventually took Antone into custody after a high-speed chase. When he exited the vehicle, he said, "I did it. I did everything."

¶8      A jury convicted Antone of seven counts of aggravated assault committed against Z.M., N.F., three convenience-store workers including B.R., the police officer at whom Antone shot, and the nearby driver shot during the chase. Jurors also convicted Antone of discharge of a firearm at a structure, disorderly conduct, and two counts of kidnapping. The jurors found Antone not guilty of the attempted aggravated assault of an additional police officer and unlawful flight from a law enforcement vehicle.

¶9      The superior court sentenced Antone as a category three repetitive offender to concurrent and consecutive prison terms totaling 47.5 years. Antone appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶10      Antone contends the evidence is insufficient to support his convictions for the aggravated assault and kidnapping of N.F., Z.M.'s fifteen-year-old nephew, who was riding in the back seat of the car. N.F. did not testify at Antone's trial.

¶11      We review whether sufficient evidence supports a conviction *de novo*, "resolv[ing] any conflicts in the evidence against the defendant and view[ing] all facts in the light most favorable to supporting the verdict." *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014). A defendant's claim of insufficient evidence fails if the record contains "substantial evidence" to support the conviction, which is "evidence that reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (internal quotation marks and citations omitted).

¶12        To prove Antone committed an aggravated assault of N.F., as charged, the State was required to show he "[i]ntentionally plac[ed] [N.F.] in reasonable apprehension of imminent physical injury" using "a deadly weapon or dangerous instrument." A.R.S. §§ 12-1203(A)(2), -1204(A)(2).

¶13        Even though N.F. did not testify, the record contains substantial evidence to support Antone's conviction of aggravated assault. *See State v. Felix*, 237 Ariz. 280, 289, ¶ 32 (App. 2015) (whether a defendant placed the victim in reasonable apprehension of immediate physical injury may be established by circumstantial evidence, without requiring the victim's testimony). The evidence established that after N.F. saw Antone shoot multiple rounds at the convenience store and point his gun at Z.M., Antone told N.F. he would "kill [him] too" and pointed the gun at him. Antone points to evidence that N.F. may have fallen asleep during the ordeal, claiming he was not restrained.

¶14        To prove Antone kidnapped N.F., as charged, the State was required to show he "knowingly restrain[ed] [N.F.] with the intent to . . . aid in the commission of a felony." A.R.S. § 13-1304(A)(3). A defendant "restrains" a victim by "restrict[ing] [that] person's movements without consent, without legal authority, and in a manner which interferes substantially with such person's liberty, by either moving such person from one place to another or by confining such person." A.R.S. § 13-1301(2). If the victim is under eighteen years old, as N.F. was in this case, the defendant is deemed to restrain the victim without consent if accomplished by "[p]hysical force, intimidation," or any other "means including acquiescence of the victim." A.R.S. § 13-1301(2)(b). The State argued Antone restrained Z.M. and N.F. with the intent of aiding his felonious flight from law enforcement.

¶15        The record contains substantial evidence to support Antone's conviction for kidnapping N.F. The trial testimony established that N.F. was confined in the back seat of a two-door car with the only exits controlled by Z.M.—who was forced to drive at gunpoint—and Antone—who directly threatened N.F. and showed his willingness to harm others, including Z.M. Based on that evidence, jurors could reasonably find Antone used threats and intimidation thereby substantially interfering with N.F.'s liberty. *See State v. Dutra*, 245 Ariz. 180, ¶ 19 (App. 2018); *see also State v. Dunbar*, 249 Ariz. 37, 47, ¶ 21 (App. 2020) ("The fact that [the victim] arguably could have taken extraordinary measures to escape does not change the fact that she was confined."). Jurors could also reasonably find Antone restrained N.F. to facilitate his flight from law enforcement, which might have been jeopardized, or otherwise compromised if Antone had

4

released N.F. after the convenience-store shooting.[2] *Cf. State v. Linden*, 163 Ariz. 129, 136 (App. 1983) (finding defendant restrained victims to aid in the commission of a felony where the restraint "facilitated the robbery and burglary of the [victims'] home, as well as the flight from the victims' home").

**CONCLUSION**

¶16        We affirm Antone's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[2]        Even though jurors found Antone not guilty of unlawful flight from a law enforcement vehicle, the kidnapping statute requires only that the defendant restrain the victim with the intent to aid in committing a felony; it does not require the defendant to actually commit that felony. *See* A.R.S. § 13-1304(A)(3).