NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER DOUGLAS VAUGHAN, *Appellant.*

No. 1 CA-CR 22-0333
FILED 3-21-2023

Appeal from the Superior Court in Yavapai County
No. P1300CR202000134
The Honorable Debra R. Phelan, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Tanja K. Kelly
*Counsel for Appellee*

The Law Office of Kyle T. Green P.L.L.C., Tempe
By Kyle Green
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Judge Brian Y. Furuya and Judge Maurice Portley[1] joined.

_____

**G A S S**, Vice Chief Judge:

**¶1**          Christopher Douglas Vaughan appeals his conviction and the imposition of probation for abduction of a child from a state agency. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**          In December 2019, a Department of Child Safety (DCS) investigator and Prescott Valley Police Department officers attempted to serve Vaughan with a court order authorizing removal of his two minor children. The investigator obtained the order because Vaughan had denied DCS access to his children during an investigation into their welfare.

**¶3**          When Vaughan refused to comply with the order, the police officers arrested him. The State charged him with abduction of a child from a state agency. After trial, the jury found Vaughan guilty. The superior court suspended imposition of sentence and placed Vaughan on four-years of supervised probation. Vaughan timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and -4033.A.1.

## ANALYSIS

**¶4**          Vaughan challenges the sufficiency of evidence supporting his conviction. Specifically, he contends the State failed to prove he knowingly violated the order.

**¶5**          This court reviews _de novo_ whether sufficient evidence supports a conviction. _State v. Pena_, 235 Ariz. 277, 279, ¶ 5 (2014). Evidence is sufficient if the record contains "substantial evidence" of guilt, meaning evidence "reasonable persons could accept as sufficient to support a guilty

_____

[1]     The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter under article VI, section 3, of the Arizona Constitution.

verdict beyond a reasonable doubt." *Id.* (citation omitted). This court will reverse "based on insufficiency of the evidence" only if a complete absence of probative facts supports the conviction. *State v. Burgess*, 245 Ariz. 275, 278, ¶ 9 (App. 2018) (citation omitted).

**¶6**     Evidence is not insubstantial simply because reasonable persons might have drawn a different conclusion from it. *State v. Martinez*, 226 Ariz. 221, 224, ¶ 15 (App. 2011). This court will not "reweigh evidence or reassess the witnesses' credibility." *State v. Buccheri-Bianca*, 233 Ariz. 324, 334, ¶ 38 (App. 2013). In evaluating the sufficiency of the evidence, this court tests the evidence "against the statutorily required elements of the offense." *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005).

**¶7**     The applicable statute provides, in relevant part:

> A person commits abduction of a child from a state agency if, *knowing or having reason to know* that a child is entrusted by authority of law to the custody of a state agency, the person . . . keeps the child from the lawful custody of the state agency.

A.R.S. § 13-1310.A.1 (emphasis added).

**¶8**     Here, the evidence supports a reasonable conclusion Vaughan knew or had reason to know DCS had lawful authority to take custody of his children. The DCS investigator and police officers testified they repeatedly told Vaughan about the order and gave him a copy of it. In response, Vaughan stood in the doorway, physically blocked the investigator and officers from entering his house, and said he would not permit DCS to take his daughter. Indeed, an officer handed Vaughan a copy of the order, Vaughan skimmed the first few pages and said, "I don't care what the paperwork says. You're not taking my kids."

**¶9**     True, Vaughan testified the police officers did not hand him the order or arrest him before he had the opportunity to review it. But the jury need not accept Vaughan's testimony. *See State v. Toney*, 113 Ariz. 404, 408 (1976) ("Evidence is not insubstantial simply because testimony is conflicting or reasonable persons may draw different conclusions from the evidence."); *State v. Bronson*, 204 Ariz. 321, 328, ¶ 34 (App. 2003) (noting a jury is free to credit or discredit witness testimony) (citation omitted). Regardless, Vaughan admitted the DCS investigator and police officers told him about the order. Even if he did not see the order itself, the jury reasonably could conclude Vaughan had reason to know of its existence.

¶10      Because substantial evidence supports Vaughan's conviction, we need not address his cursory argument the superior court should have granted his motion for judgment of acquittal under Arizona Rule of Criminal Procedure 20. *See State v. Neal*, 143 Ariz. 93, 98 (1984) ("A Rule 20 motion is designed to test the sufficiency of the state's evidence."); Ariz. R. Crim. P. 20(a)(1) (requiring a judgment of acquittal if no substantial evidence supports the conviction).

## CONCLUSION

¶11      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA