NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL TEJEDA GARIBALDO, *Appellant.*

No. 1 CA-CR 23-0357
FILED 06-18-2024

Appeal from the Superior Court in Mohave County
Nos.  S8015CR202100458
S8015CR202201191
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey Ball
*Counsel for Appellee*

Jill L. Evans, Attorney at Law, Flagstaff
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

_____

**C A M P B E L L**, Judge:

¶1          Michael Garibaldo appeals his conviction and sentence for aggravated assault under A.R.S. § 13-1204(A)(4). He argues there was insufficient evidence to substantiate the victim's capacity to resist being substantially impaired. He also appeals the revocation of his probation based on his conviction for aggravated assault. Because we find sufficient evidence supporting the conviction and the probation revocation, we affirm.

## BACKGROUND

¶2          One afternoon in August 2022, Garibaldo attended a child's birthday party held at the child's family home. Jessica,[1] the mother of Garibaldo's two children and his on-again, off-again girlfriend, was also at the party. Andrew, the victim, attended the party with his wife and children.

¶3          Most of the adults at the party were drinking alcohol, including both Garibaldo and Andrew. As the party progressed, Andrew began making unwanted sexual advances toward Jessica. She became uncomfortable and tried to get away from him, leaving the house and going out into the yard. Andrew followed her outside and sat down next to her, continuing to make unwanted sexual advances. He placed his hand on her thigh, and she tried to push him away.

¶4          Suddenly, Garibaldo ran toward Andrew and began hitting him. He knocked Andrew to the ground and continued to punch and kick him. At some point, Andrew was knocked unconscious by the assault. Jessica tried to restrain Garibaldo and ended up getting shoved, resulting in an injury to her lip. Jessica's daughter, Lilly (whose father is not

_____

[1]          We use pseudonyms to protect the identities of victims, witnesses, and children.

Garibaldo), was also pushed in the chaos, but she did not get injured. Andrew's wife called the police, but Garibaldo left before they arrived.

¶5 When the police entered the yard, Andrew was still on the ground, struggling to regain consciousness. Andrew was severely injured and taken to the hospital. He had no defensive wounds and he did not know who assaulted him or remember the assault. All he remembered was arriving at the party, chatting with friends, and being on his phone. The next thing he knew, he woke up in the hospital.

¶6 Garibaldo was indicted on four charges: Count 1, aggravated assault upon Andrew, a class 6 felony; Count 2, aggravated assault upon Lilly, a class 6 felony; and Counts 3 and 4, assault upon Jessica and disorderly conduct, both class 1 misdemeanors. The two-day trial was bifurcated, with the felony counts tried to the jury, and the misdemeanor counts tried to the court. Garibaldo moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20 at the close of the State's case-in-chief. The court denied the motion regarding Counts 1, 2, and 3, but granted the motion regarding Count 4.

¶7 In August 2022, Garibaldo was serving a five-year probation term for another aggravated assault committed in April 2021. When he committed the August 2022 offenses, the probation department petitioned to revoke his probation. The court held a simultaneous contested probation violation hearing on the second day of trial based on the evidence presented.

¶8 The jury found Garibaldo guilty of Count 1, aggravated assault against Andrew, on the theory that Andrew's capacity to resist was substantially impaired. The jury acquitted Garibaldo of Count 2, the aggravated assault regarding Lilly. The court proceeded to an aggravation hearing, and the jury found the State proved two aggravating circumstances: that Garibaldo was on probation at the time of the offense and that the victim suffered physical, emotional, or financial harm.

¶9 For Count 3, the court found Garibaldo guilty of the lesser-included class 2 misdemeanor of reckless assault upon Jessica. The court found Garibaldo violated term one of his probation—obey all laws— based on the convictions. The court revoked Garibaldo's probation and sentenced him to 2.5 years in prison for the 2021 case. For the 2022 case, the court sentenced him to 2 years in prison for Count 1, to run consecutively to the 2021 prison term. For Count 3, he received credit for time served. Garibaldo timely appealed.

## DISCUSSION

¶10        Garibaldo argues there was insufficient evidence to support his conviction of aggravated assault upon a victim whose capacity to resist was substantially impaired. *See* A.R.S. § 13-1204(A)(4). We review the sufficiency of the evidence to support a conviction de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Any conflicting evidence or inferences to be made are resolved in the light most favorable to supporting the verdict. *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014). If any reasonable trier of fact could have found the essential elements of the crime to be proven beyond a reasonable doubt, substantial evidence exists to uphold the conviction. *Id.* We do not reweigh evidence. *Id.*

¶11        As relevant here, a person commits aggravated assault "[i]f the person commits the assault while the victim is . . . physically restrained or while the victim's capacity to resist is substantially impaired." A.R.S. § 13-1204(A)(4). A victim's capacity to resist is substantially impaired if the victim's ability to "refuse to submit" is "considerably weakened." *In re Maricopa Cnty. Juv. Action No. JV-123196*, 172 Ariz. 74, 77 (App. 1992). This includes when the victim is asleep or unconscious. *State v. Duarte*, 246 Ariz. 338, 343, ¶ 12 (App. 2018). If the substantial impairment is caused by the assault itself, it must be followed by further assaultive conduct for a conviction of aggravated assault under this subsection. *JV-123196*, 172 Ariz. at 78.

¶12        Garibaldo argues there was insufficient evidence of the victim being restrained. To support this contention, he cites *State v. Barnett*, where the victim was knocked onto his hands and knees and harmed with an electrical stun device during the assault, and attempts to distinguish the facts of that case from the facts here. 173 Ariz. 282, 283–85 (App. 1991). In *Barnett*, the court found the circumstance of being on your hands and knees while being tased was sufficient to show physical restraint for the purpose of aggravated assault. *Id.* at 285. Garibaldo asserts because no stun gun or taser was part of the present assault, Andrew was not physically restrained. The use of a stun device is not a prerequisite for a conviction of aggravated assault under this subsection. *See* A.R.S. § 13-1204(A)(4). Rather, the statute provides, as relevant here, two ways to commit this crime: the victim must be either "physically restrained *or* . . . the victim's capacity to resist is substantially impaired." *Id.* (emphasis added). We agree that Andrew was not physically restrained by being tased. There was, however, sufficient evidence that his capacity to resist the assault was substantially impaired.

4

¶13　　　Garibaldo argues there was insufficient evidence that Andrew was "disabled or unable to fight back due to physical or mental weakness or defect, so as to render his capacity to resist substantially impaired." The State need not prove a preexisting defect rendering the victim substantially impaired—the impairment may be caused by sleep or even the assault itself. *See Duarte*, 246 Ariz. at 343, ¶ 12; *see also JV-123196*, 172 Ariz. at 78. Garibaldo contends that either inconsistent evidence or no evidence supports the allegation that he continued to assault Andrew once he was on the ground and unconscious. He claims "there was no testimony or inconsistent testimony about when [Andrew] was rendered unconscious."

¶14　　　Again, if the assault itself created the substantial impairment of the victim's ability to fight back, assaultive conduct must continue *after* the impairment for an aggravated assault conviction under this subsection. *JV-123196*, 172 Ariz. at 78. Inconsistent testimony about when the victim was rendered unconscious and whether assaultive conduct followed is a factual issue for the jury to resolve. *See Duarte*, 246 Ariz. at 344, ¶ 16. Here, it is undisputed that Andrew was knocked unconscious by the assault. The question lies in whether Garibaldo continued the assault once Andrew was lying unconscious on the ground.

¶15　　　The testimony presented at trial was inconsistent. Jessica's daughter Lilly testified Garibaldo kicked Andrew in the face while he was "[o]n the floor unconscious" and "knocked out." Another bystander testified Garibaldo kept punching Andrew and kicked him in the face once he fell to the ground and "was knocked out." Jessica, on the other hand, testified she did not see Garibaldo strike or kick the victim once he was on the ground. The jury was in the best position to judge the credibility of the witnesses and choose which testimony was more credible. *See State v. Fuentes*, 247 Ariz. 516, 526, ¶ 37 (App. 2019).

¶16　　　Moreover, this inconsistent testimony was supplemented with circumstantial evidence. *See Duarte*, 246 Ariz. at 344, ¶ 16 (substantial evidence may be direct or circumstantial). For example, Lilly testified that she did not see Andrew try to fight back while he was on the ground. A bystander testified Andrew said nothing during the assault. A detective testified that Andrew did not have any defensive wounds. The cumulative evidence presented raised credibility and factual issues for the jury to resolve. *See State v. Manzanedo*, 210 Ariz. 292, 293, ¶ 3 (App. 2005) (a jury resolves conflicts in the evidence). Because conflicting evidence does not constitute insufficient evidence, and because a rational trier of fact could have found Andrew's capacity to resist was substantially impaired before

the assault ended, the State presented substantial evidence to support a conviction beyond a reasonable doubt. *See Duarte*, 246 Ariz. at 344, ¶¶ 16–17.

**CONCLUSION**

¶17　　　For these reasons, there was sufficient evidence to support the jury's guilty verdict for Count 1. For the same reasons, there was sufficient evidence to revoke Garibaldo's probation in the 2021 case. *See* Ariz. R. Crim. P. 27.8(b)(3), (c)(2) (providing that once a probation violation is shown by a preponderance of the evidence, the court may revoke probation and impose sentence). We therefore affirm Garibaldo's conviction and prison sentence in this matter, and the corresponding probation revocation and prison sentence in the 2021 case.



AMY M. WOOD • Clerk of the Court
FILED: 　AGFV