NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

LEVI DOUGLAS JONES, *Appellant.*

No. 1 CA-CR 22-0457

FILED 08-06-2024

---

Appeal from the Superior Court in Yavapai County
No. V1300CR201680557
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian Coffman
*Counsel for Appellee*

The Law Office of Kyle Green, Tempe
By Kyle Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

¶1        Levi Jones appeals his convictions and sentences for second-degree murder and disorderly conduct.  He contends the evidence was insufficient to support his conviction for second-degree murder, and the court erred in denying his request to continue sentencing.  We disagree and thus affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Because this case arises from a jury trial, we recount the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Jones.  *State v. Nelson*, 214 Ariz. 196, ¶ 2 (App. 2007).  We also use pseudonyms to protect the victims.

¶3        Jake and Jill dated for two months before Jake ended their relationship.  Jill was not pleased.  She asked Jones, her friend and occasional paramour, to humble Jake and "maybe [give him] a black eye lol."  Jones agreed to help.

¶4        While driving around, Jill and Jones later saw Jake and Susan, his best friend, at a convenience store.  Jill suspected that Jake had cheated on her with Susan.  Jill drove Jones to her nearby house, where Jones grabbed a pistol and they returned to the convenience store.

¶5        Jones exited Jill's car, and he walked into the convenience store.  Jill confronted Susan in the parking lot and a fist fight ensued.  Jake witnessed the fight from his parked car and walked over.  At that point, Jones exited the convenience store, aimed his gun at Jake and shot him in the back.  Jill and Susan stopped fighting, and Susan rushed to lift Jake off the ground.  But Jones again shot Jake in the back.  Jake staggered and fell into the convenience store where he bled out and died.

¶6        Police officers found a partially unsheathed knife at Jake's waist and car keys near his outstretched arms.  Police also found two spent shell casings in the parking lot along with a live round.  A few days later,

police found a handgun in Jill's backyard. Jones's DNA was found on the handgun, spent casings and live round. Police arrested Jones. On a recorded jailhouse phone call, Jones admitted he shot Jake.

**¶7** At trial, the jury found Jones guilty of second-degree murder and four counts of disorderly conduct. Before sentencing, Jones twice moved to continue—first so defense counsel could have "more time to compile mitigation," and second because the "mitigation specialist [was] having difficulty finishing his mitigation report." The superior court granted both motions, continuing sentencing for 58 days. On the day of sentencing, Jones moved to continue for the third time to work on mitigation. The superior court denied Jones's request and proceeded.

**¶8** Jones timely appealed. We have jurisdiction. A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

### I. Sufficiency of the Evidence

**¶9** Jones first argues the jury had insufficient evidence to convict him of second-degree murder. We review that issue de novo and accept the facts in the light most favorable to supporting the jury's verdict and resolving "any conflicts in the evidence against the defendant." *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014). A conviction will be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cox*, 217 Ariz. 353, 357, ¶ 22 (2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

**¶10** The sufficiency of the evidence is tested against the statutorily required elements of the offense. *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005). A defendant commits second-degree murder by intentionally causing the death of another person. A.R.S. § 13-1104(A)(1).

**¶11** We discern no error. A rational juror could have found the essential elements of second-degree murder beyond a reasonable doubt. The jury received ample evidence that Jones intentionally killed Jake. Jones drove to Jill's house to grab a handgun after he and Jill saw Jake at the convenience store. Police found the murder weapon and it had Jones's DNA on it. The shells found at the murder scene also matched Jones's DNA. Jones also admitted he shot Jake in text messages and on a recorded jail call. Jones wants to highlight favorable evidence while discounting unfavorable evidence, but we do not reweigh the evidence on appeal. *See State v. West*, 226 Ariz. 559, 563, ¶ 18 (2011).

**¶12**        Even so, Jones contends the record contained evidence that he was justified to use deadly force because Jake brandished a knife. But a rational juror could have found that Jones did not act in self-defense when he shot the victim in his back—twice.

## II.        Mitigation Hearing and Continuance

**¶13**        Jones next argues the trial court erred in denying his request for a mitigation hearing, but Jones never requested a mitigation hearing. Instead, he unsuccessfully moved the court to continue sentencing so his mitigation specialist could finish a report. We review the denial of a motion to continue for abuse of discretion, *State v. Barreras*, 181 Ariz. 516, 520 (1995), which requires the defendant to show prejudice, *State v. Forde*, 233 Ariz. 543, 555, ¶ 18 (2014). We consider all circumstances of the case to determine if a defendant's rights were violated. *Barreras*, 181 Ariz. at 520.

**¶14**        We discern no error. First, the superior court twice continued sentencing, giving Jones an additional 58 days to develop and submit mitigation evidence. Second, Jones was responsible for offering mitigation evidence and he knew the deadline. *See State v. Willoughby*, 181 Ariz. 530, 547 (1995) (finding no abuse of discretion when a court denied a motion for continuance, "especially when counsel knew that the judge intended to proceed with sentencing that day."). Jones could not even tell the court when the report would be ready. Third, the victims were unavailable on Jones's proposed new sentencing date. *See State v. Dixon*, 226 Ariz. 545, 555, ¶ 56 (2011) (noting that victim's rights are also relevant when ruling on trial continuance).

## CONCLUSION

**¶15**        We affirm.

