NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

KYLE AUSTIN JOHNSON, *Appellant*.

No. 1 CA-CR 24-0401

FILED 09-25-2025

Appeal from the Superior Court in Yavapai County
No. S1300CR202301474
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice M. Jones
*Counsel for Appellee*

Kyle Austin Johnson
*In Propria Persona*

_____

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Anni Hill Foster joined.

_____

**F A B I A N**, Judge:

¶1        Kyle Austin Johnson appeals his conviction for misconduct involving weapons following a jury trial. The superior court sentenced him to 4.5 years of imprisonment. On appeal, Johnson claims the superior court did not have jurisdiction and was not competent to hear the case against him. He also claims there was insufficient evidence to support his conviction. Johnson has failed to develop his remaining arguments and therefore this Court does not consider them on appeal. *See* Ariz. R. Crim. P. 31.10(a)(7); *State v. Moody*, 208 Ariz. 424, 452 ¶ 101 n. 9 (2004). For the following reasons, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2        This Court "view[s] the facts in the light most favorable to sustaining the jury's verdict and resolve[s] all reasonable inferences against [Johnson]." *State v. Felix*, 237 Ariz. 280, 283 ¶ 2 (App. 2015).

¶3        In December 2023, an officer of the Prescott Police Department pulled over a vehicle in which Johnson was a passenger. The officer ran a warrants check on Johnson and found Johnson had two warrants for his arrest. When the officer approached Johnson to arrest him, he asked Johnson whether he had a weapon. Johnson was initially silent and then indicated he had a weapon in his waistband. The officer removed a handgun from Johnson's possession.

¶4        A grand jury indicted Johnson for misconduct involving weapons. Specifically, because of Johnson's prior criminal history, he was prohibited from possessing a firearm. At trial, the arresting officer testified Johnson had been convicted of prior felonies. An evidence technician for the Yavapai County Sheriff's Office matched the fingerprints taken during Johnson's booking in December 2023 to prints from the prior felonies. A jury convicted Johnson and the court sentenced him to 4.5 years of imprisonment followed by community supervision. Johnson appealed. This Court has jurisdiction pursuant to Article VI, Section 9, of the Arizona

Constitution and Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

### I. The Superior Court Had Jurisdiction Over Johnson and Was Competent to Hear His Case.

¶5        Johnson argues that because he is an "American State National," not a U.S. citizen, the Yavapai County Superior Court did not have jurisdiction over him. Johnson also disputes the court's competency or "right to carry out judicial proceedings."

¶6        The states' power to create and enforce criminal law derives from their inherent sovereignty and is preserved by the Tenth Amendment of the United States Constitution. *See Puerto Rico v. Sanchez Valle*, 579 U.S. 59, 69 (2016). The Arizona Constitution grants superior courts original jurisdiction over "[c]riminal cases amounting to felony." Ariz. Const. Art. 6, § 14(4). Arizona "has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which such person is legally accountable if: . . . [c]onduct constituting any element of the offense or a result of such conduct occurs within this state." A.R.S. § 13-108(A). "Criminal prosecutions shall be tried in the county in which conduct constituting any element of the offense or a result of such conduct occurred, unless otherwise provided by law." A.R.S. § 13-109(A). This criminal jurisdiction extends to both citizens and noncitizens alike. *See Oklahoma v. Castro-Huerta*, 597 U.S. 629, 635 and 651 (2022).

¶7        The arresting officer testified he pulled Johnson over and discovered Johnson's firearm within Yavapai County, Arizona. Johnson does not dispute these underlying facts and therefore has not shown the Yavapai Superior Court lacked jurisdiction over him. *See* Ariz. Const. Art. 6, § 14; A.R.S. §§ 13-108(A)(1), 109(A). Johnson's argument—that his status as an "American State National" exempts him from state or federal criminal jurisdiction—has been rejected by every court to consider the argument. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting courts "have summarily rejected" as "frivolous" the legal theory of individuals who "believe they are not subject to the jurisdiction of the courts and who frequently deny that they are the defendants in the action"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

## II.     Sufficient Evidence Supports Johnson's Conviction.

**¶8**         Johnson argues the State did not offer proper testimony that he committed misconduct involving weapons because the prosecutor testified without "firsthand knowledge" of the crime. He further asserts he was not properly identified in the case and thus his conviction should be reversed.

**¶9**         This Court reviews sufficiency of the evidence *de novo*. *State v. Pena*, 235 Ariz. 277, 279 ¶ 5 (2014). In doing so, this Court reviews the evidence presented at trial to determine if "substantial evidence exists to support the jury verdict." *Id.* "Substantial evidence is more than a 'mere scintilla' and is that which reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *State v. Hughes*, 189 Ariz. 62, 73 (1997) (quoting *State v. Mathers,* 165 Ariz. 64, 67 (1990)).

**¶10**         A defendant commits misconduct involving weapons if they possess "a deadly weapon or prohibited weapon if such person is a prohibited possessor." A.R.S. § 13-3102(A)(b)(4). For the purposes of the statute, a firearm is a deadly weapon and a defendant who has been convicted of a felony in any state is a prohibited possessor. A.R.S. §§ 13-3101(A)(1), (A)(7)(b).

**¶11**         Although the prosecutor presented arguments to the jury, Johnson does not support his claim that the prosecutor improperly testified with references to the record. Instead, the record reflects the testimony of witnesses with first-hand knowledge who testified to Johnson's identity and the crime that Johnson committed. The arresting officer testified that: (1) he identified Johnson at the scene using Johnson's state ID, (2) he found a handgun in Johnson's possession, and (3) the handgun was loaded and capable of firing. At trial, the officer identified Johnson as the same person he had pulled over and from whom he had confiscated the handgun. He also identified Johnson on the booking forms and as the same person who had been previously convicted of multiple felonies. Another witness testified Johnson's fingerprints from the December 2023 booking matched the fingerprints recorded for the prior felony convictions.

**¶12**         All of this evidence taken together is sufficient to establish beyond a reasonable doubt that Johnson was the same person pulled over and booked by the arresting officer, the same person in possession of a loaded firearm, and the same person convicted of prior felonies. Reasonable jurors had sufficient evidence to find beyond a reasonable doubt that

Johnson was a prohibited possessor in possession of a deadly weapon. *See Pena*, 235 Ariz. 277, 279 ¶ 5.

## CONCLUSION

¶13      For the foregoing reasons, Johnson's conviction and sentence are affirmed.

