NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

STEVE ALBERT ELIZONDO, *Appellant.*

No. 1 CA-CR 25-0082

FILED 11-04-2025

---

Appeal from the Superior Court in Mohave County
No.  CR-2024-00937
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Christine A. Davis
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Anni Hill Foster joined.

_____

**F A B I A N**, Judge:

**¶1**        Steve Albert Elizondo appeals his convictions and sentences, after a jury trial, for two counts of continuous sexual abuse of a child. The superior court sentenced Elizondo to two consecutive 60 year sentences of imprisonment. On appeal, Elizondo claims: (1) the superior court denied his right to due process by refusing to grant his motion to compel production of text messages and (2) there was insufficient evidence to support his convictions. For the following reasons, this Court affirms.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        This Court "view[s] the facts in the light most favorable to sustaining the jury's verdicts and resolve[s] all reasonable inferences against" Elizondo. *See State v. Felix*, 237 Ariz. 280, 283 ¶ 2 (App. 2015).

**¶3**        In August 2024, Elizondo was indicted for two counts of continuous sexual abuse of a child against two victims, R.M. and K.C. Before trial, Elizondo moved for *in camera* review of text messages he alleged were sent by R.M. during R.M.'s police interview, arguing the messages could contain exculpatory evidence. The superior court denied his motion, finding there was no reasonable probability that R.M.'s cell phone records would contain exculpatory evidence.

**¶4**        At trial, both R.M. and K.C. testified that Elizondo committed multiple acts of intercourse with them and touched and penetrated their genitals multiple times while the victims were under the age of fourteen. A jury convicted Elizondo of both counts and the court sentenced him to 120 years of imprisonment followed by community supervision. Elizondo appealed. This Court has jurisdiction pursuant to Article VI, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

### I. The Superior Court Did Not Err by Denying Elizondo's Motion to Compel Production of Text Messages.

¶5        Elizondo first argues the superior court denied him due process by refusing to grant his pre-trial discovery motion for R.M.'s cell phone records. He maintains he needed R.M.'s text messages, sent during R.M.'s police interview, to present a complete defense. Specifically, he claimed those texts may show collusion between R.M. and K.C. regarding their testimony. "'Whether a defendant's due process right to present a complete defense' overcomes a victim's right to avoid submitting to discovery requests 'is a matter of constitutional and statutory interpretation that we review *de novo*.'" *Draper v. Gentry*, 255 Ariz. 417, 422 ¶14 (2023) (clarifying and quoting *R.S. v. Thompson (Vanders II)*, 251 Ariz. 111, 116 ¶10 (2021)).

¶6        When a defendant asserts discovery of a victim's privileged information is necessary to present a complete defense, and that discovery is subject to *in camera* review rather than direct disclosure, the defendant must show: "(1) the defendant seeks evidence whose materiality is of constitutional dimension, as distinguished by evidence merely relevant to the defense; *and* (2) there is a reasonable possibility that the requested information actually includes such evidence." *Id.* at 424-25 ¶¶ 24-30. "The defendant's request must be based on more than mere speculation and must include a sufficiently specific basis to deter fishing expeditions, prevent a wholesale production of the victim's . . . records, and adequately protect the parties' competing interests." *Vanders II*, 251 Ariz. at 120 ¶30.

¶7        Here, Elizondo's request for text messages was based on the type of "mere speculation" cautioned against in *Vanders II*. Elizondo argued to the superior court that he believed the texts would show R.M. was coaching K.C., the other victim, from the interview room. At trial, R.M. testified that during the interview in question R.M. was texting a friend and R.M. had not talked to K.C. about their testimony. On appeal, Elizondo argues that his entire defense strategy was to discredit R.M.'s and K.C.'s testimony by showing they and their mothers conspired and fabricated their testimony and that R.M.'s cell phone records could have contained corroborating evidence to that effect.

¶8        Elizondo asks this Court to make too many speculative and conclusory leaps: (1) that R.M. was in fact communicating with K.C. during the police interview; (2) that this communication was regarding the case or

the interview; and (3) that such communications would contain evidence necessary for Elizondo to present a complete defense. Elizondo has not shown a "reasonable possibility" that discovery of R.M.'s phone records during the interview would contain any messages or communication with K.C., let alone potentially exculpatory evidence necessary to present a complete defense. This Court cannot, therefore, conclude that the superior court erred by denying Elizondo's discovery motion. *See Gentry*, 255 Ariz. at 425 ¶ 30.

## II. Sufficient Evidence Supports Elizondo's Conviction.

**¶9**      Elizondo argues there was insufficient evidence to convict him because there was no physical evidence presented at trial, the victims' testimony at trial was more elaborate than what they initially told the police, and the interviewing detective asked several leading questions during interviews with the victims.

**¶10**      This Court reviews sufficiency of the evidence *de novo. State v. Pena*, 235 Ariz. 277, 279 ¶ 5 (2014). In doing so, this Court reviews the evidence presented at trial to determine if "substantial evidence exists to support the jury verdict." *Id.* "Substantial evidence is more than a 'mere scintilla' and is that which reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *State v. Hughes*, 189 Ariz. 62, 73 (1997). This Court "does not reweigh the evidence to decide if it would reach the same conclusions as the trier of fact." *State v. Barger*, 167 Ariz. 563, 568 (App. 1990).

**¶11**      A defendant commits continuous sexual abuse of a child if the defendant engages in three or more acts of either sexual assault, sexual conduct with a minor, or molestation of a child, over a period of three months or more with a child under the age of fourteen. *See* A.R.S. §§ 13-1405, 1406, 1410, 1417. Sexual conduct is "intentionally or knowingly engaging in sexual intercourse or oral sexual contact." A.R.S. § 13-1405(A). Sexual assault is sexual conduct with a person without their consent. *See* A.R.S. §§ 13-1405(A), 1406(A). Molestation of a child is "intentionally or knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child who is under fifteen years of age." A.R.S. § 13-1410(A). Oral sexual contact means "oral contact with the penis, vulva, or anus." A.R.S. § 13-1401(A)(1). Sexual contact means "any direct or indirect touching, fondling or manipulating of any part of the genitals, anus or female breast by any part of the body." A.R.S. § 13-1401(A)(3)(a).

¶12 At trial, R.M. testified that: (1) when Elizondo and R.M. lived together, Elizondo digitally penetrated R.M.'s genitals "a couple times a month" for a year; (2) Elizondo engaged in sexual intercourse with R.M. "a lot;" (3) Elizondo had engaged in sexual conduct with R.M. and K.C. at the same time; (4) Elizondo either touched R.M.'s genitals or engaged in intercourse with R.M. around three times a month for a year after they moved to another house; and (5) Elizondo would engage in oral intercourse with R.M. and have R.M. engage in oral intercourse with Elizondo "a lot" over this period of time. R.M. did not consent to this sexual conduct.

¶13 K.C. testified Elizondo touched K.C.'s genitals and engaged in sexual intercourse with K.C. over four times. K.C. also corroborated R.M.'s testimony that Elizondo had engaged in sexual intercourse with and touched the genitals of R.M. and K.C. at the same time.

¶14 Arizona law is clear and consistent that uncorroborated testimony, especially in child sexual abuse cases, is sufficient to affirm a conviction. *See State v. Jerousek*, 121 Ariz. 420, 427 (1979) ("In child molestation cases, the defendant can be convicted on the uncorroborated testimony of the victim."); *State v. Munoz*, 114 Ariz. 466, 469 (App. 1976) ("[A] conviction may be based on the uncorroborated testimony of the victim unless the story is physically impossible or so incredible that no reasonable person could believe it."); *State v. Copeland*, 253 Ariz. 104, 116 ¶ 31 (App. 2022) (physical evidence and corroborating eyewitness testimony are "not required for the state to meet its burden of proof").

¶15 At trial, Elizondo was able to cross-examine the detective who interviewed the victims about the leading nature of the detective's questions. The jury heard this testimony and as the triers of fact had the opportunity to judge the credibility of the testimony and weigh the testimony accordingly. *See State v. Clemons*, 110 Ariz. 555, 556–57 (1974) ("No rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury."). Here, the jury clearly found both R.M.'s and K.C.'s testimony credible. And as for Elizondo's remaining arguments regarding conflicting evidence, he is asking this Court to reweigh the evidence, which this Court will not do. *See Barger*, 167 Ariz. at 568.

¶16 Reasonable jurors had sufficient evidence to find beyond a reasonable doubt that Elizondo committed continuous sexual abuse of a child against both victims. *See Pena*, 235 Ariz. 277, 279 ¶ 5.

## CONCLUSION

**¶17**        For the foregoing reasons, Elizondo's convictions and sentences are affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR